[No. D048064. Fourth Dist., Div. One. Jan. 3, 2007.]

ALAN C. CRUZ, Plaintiff and Appellant, v.
FAGOR AMERICA, INC., Defendant and Respondent.

490

## Counsel

Law Office of Harold D. Thompson, Harold D. Thompson and Anthony D. Thompson for Plaintiff and Appellant.

Grimm, Vranjes, McCormick & Graham and Kathleen McCormick for Defendant and Respondent.

OPINION

AARON, J.—

I.

INTRODUCTION

Plaintiff Alan C. Cruz appeals from a postjudgment order of the trial court granting defendant Fagor America, Inc.'s (Fagor) motion to set aside default and default judgment. Approximately nine months after the court entered a default against Fagor for failing to defend against the action, Fagor made its first appearance, moving ex parte for an order shortening time to allow it to move to set aside the entry of default and the subsequent default judgment. The trial court granted Fagor's ex parte motion. After a hearing on the motion to set aside the entry of the default and default judgment, the court granted Fagor's request for relief on the grounds that the judgment was void for lack of effective service of the summons and complaint, and extrinsic mistake warranted equitable relief.

In order to resolve the question whether service of process was effective, we must determine whether Cruz met the statutory requirements for serving an out-of-state corporation by mail. Cruz addressed and mailed the summons and complaint, return receipt requested, to Fagor's president. The return receipt was signed by an individual who was not Fagor's president. However, Cruz submitted the declaration of his counsel attesting that counsel had received confirmation from a representative of the United States Postal Service that the individual who signed the return receipt was a Fagor employee who regularly received mail on Fagor's behalf. We conclude that Cruz met all of the statutory requirements for effective service of process on a foreign corporation, and that the trial court erred in concluding that the judgment was void for lack of valid service of process.

With regard to the trial court's decision to grant equitable relief on the basis of extrinsic mistake, our review turns on two findings of the trial court: that Fagor established a satisfactory excuse for failing to defend against the action and allowing default to be entered, and that upon learning of the default, Fagor demonstrated that it acted diligently to set aside the default. We conclude that Fagor failed to present a satisfactory excuse for its failure to defend against the action and failed to show that it acted with diligence in

seeking to set aside the default. The trial court thus abused its discretion in granting equitable relief.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

### A.  *Factual background*

Cruz's parents purchased a pressure cooker from a vendor at the San Diego County Fair in the summer of 2001. On September 10, 2001, Cruz, who was 16 years old at the time, suffered burns on the left side of his torso and thigh when he attempted to take the lid off of the pressure cooker. Fagor is the American distributor of the pressure cooker.[1]

On the date of the incident involving the pressure cooker, Cruz's parents sent an e-mail to Fagor to alert the company about what had occurred. Fagor forwarded Cruz's complaint to its insurance broker, who forwarded the complaint to Fagor's general liability insurer, American Equity Insurance Company (American Equity). The insurer opened a file and began an investigation of Cruz's claim.

On June 2, 2003, American Equity notified Cruz that it was denying liability. However, American Equity offered to reimburse Cruz for his medical payments up to $5,000. Cruz hired an attorney. In a letter dated July 21, 2004, Cruz's attorney notified American Equity that he was representing Cruz, and that Cruz intended to recover reimbursement for "all damages, [*sic*] sustained as a result of a burn incident arising from the use of" Fagor's pressure cooker. American Equity reiterated its denial of Cruz's claim in a letter dated August 18, 2004.

### B.  *Procedural background*

Cruz filed a complaint against Fagor on December 1, 2004, alleging causes of action for negligence and product liability. On December 14, 2004, Cruz, through his attorney, mailed the summons and complaint to Fagor by certified mail, return receipt requested. The envelope was addressed to "Patricio Barriga, Chairman of the Board, FAGOR AMERICA, INC., A Delaware Corporation, 1099 Wall Street, Lyndhurst, NJ 07071-3678."

---

[1] This fact is taken from Fagor's respondent's brief and is not found in the record on appeal.

The return receipt indicates that it was signed by an individual named Tina Hayes on December 22. Fagor did not file an answer. On February 9, 2005, Cruz mailed a copy of his request for entry of default to "Tina Hayes, Authorized Agent for, Patricio Barriga, Fagor America, Inc., 1099 Wall St., Lyndhurst, N.J. 07071." The court denied Cruz's initial request for entry of default on the ground that Cruz had not established that Hayes was an "Authorized Agent to accept service." Although it is unclear from the record what, if anything, changed between Cruz's initial request for entry of default and a subsequent request, the court entered a default against Fagor on February 25, after Cruz submitted the new request for entry of default.

On February 22, 2005, a Fagor employee forwarded a copy of Cruz's request for entry of default to Fagor's insurance carrier.

A default judgment in the amount of $259,114.50 was entered against Fagor on May 31, 2005.

Fagor did not make an appearance in the matter until November 29, 2005, when Fagor's attorneys appeared ex parte seeking an order shortening time to allow Fagor to file and have heard a motion to set aside the entry of default and default judgment. The record provides no indication as to why Fagor failed to make an appearance in the matter between late February 2005 and late November 2005, and Fagor's briefing sheds no light on this issue.

The trial court granted Fagor's ex parte request, and Fagor filed its moving papers on November 30, 2005. In response to Fagor's motion, Cruz's attorney filed a declaration in which he stated that he had spoken with a United States Postal Service employee in Lyndhurst, New Jersey, who informed him that Hayes was an employee of Fagor, and that she regularly received mail on behalf of the corporation.[2] Fagor submitted the declaration of Patricio Barriga in which he avers that he never received the summons and complaint.

The trial court heard Fagor's motion to set aside the entry of default and default judgment on January 27, 2006. On February 1, the trial court granted the motion. Cruz filed a notice of appeal on February 16.

## III.

## DISCUSSION

■ The trial court granted Fagor's request to set aside the default and default judgment on two grounds: (1) that Cruz failed to effectively serve the

---

[2] Counsel for Fagor apparently indicated during argument on the motion that in 2006, Fagor employed 13 people at its Lyndhurst, New Jersey office.

summons and complaint initiating this action, rendering the judgment void, and (2) that Fagor established that an extrinsic mistake had prevented it from litigating the action on the merits, such that equitable relief was warranted. For the reasons set forth below, we conclude that the trial court abused its discretion in setting aside the default and default judgment.

A. *The trial court erred in setting aside the default and default judgment on the ground that the judgment was void due to ineffective service*

■ Although a trial court has discretion to vacate the entry of a default or subsequent judgment, this discretion may be exercised only after the party seeking relief has shown that there is a proper ground for relief, and that the party has raised that ground in a procedurally proper manner, within any applicable time limits. (See generally Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2003) ¶ 5:276 et seq., p. 5-66 et seq. (rev. #1, 2006) [describing various grounds, procedures and time limits applicable to seeking relief from default].) The proper procedure and time limits vary, depending on the asserted ground for relief.

Fagor sought relief from the trial court pursuant to Code of Civil Procedure section 473, subdivision (d),[3] which provides in relevant part: "The court . . . may, on motion of either party after notice to the other party, set aside any void judgment or order." Fagor contends that Cruz failed to effectuate proper service of the summons and complaint in this case, and that any default or judgment entered subsequent to the faulty service was thus void. The trial court agreed with Fagor that Cruz failed to effectuate proper service of process of the summons and complaint on Fagor, an out-of-state corporation. Cruz contends on appeal that the trial court erred in its determination of the issue of the validity of service of process on Fagor. We agree.

1. *Standard of review*

■ Initially, we address Fagor's contention that the trial court's decision to set aside a default judgment should be reviewed for an abuse of discretion. The inclusion of the word "may" in the language of section 473, subdivision (d) makes it clear that a trial court retains discretion to grant or deny a motion to set aside a void judgment. However, the question in this appeal is not whether or not the trial court abused its discretion when it decided to set aside the default judgment, but whether or not the default and default judgment were in fact void. A trial court has no statutory power under

---

[3] Further statutory references are to the Code of Civil Procedure unless otherwise specified.

section 473, subdivision (d) to set aside a judgment that is not void: Once six months have elapsed since the entry of a judgment, "a trial court may grant a motion to set aside that judgment as void only if the judgment is void on its face." (*Dill v. Berquist Construction Co.* (1994) 24 Cal.App.4th 1426, 1441 [29 Cal.Rptr.2d 746] (*Dill*).) We review de novo a trial court's determination that a judgment is void.

### 2. *Cruz properly served Fagor with the summons and complaint*

" 'A judgment or order is said to be void on its face when the invalidity is apparent upon an inspection of the judgment-roll.' [Citation.] In a case in which the defendant does not answer the complaint, the judgment roll includes the proof of service. [Citation.]" (*Dill, supra*, 24 Cal.App.4th at p. 1441.) Fagor contends, and the trial court found, that service was not effected because there was no proof that the summons and complaint (1) were served on Fagor's designated agent for service; (2) were delivered to the president or other officer, manager, or person authorized to receive service in accordance with section 416.10; or (3) were served in accordance with Corporations Code section 2110, which provides for service on a foreign corporation by hand delivery to an officer or designated agent for service of process.

Inspection of the judgment roll in this case does not establish that the judgment was invalid. Rather, the proofs of service demonstrate that Cruz served Fagor, an out-of-state corporation, in accordance with section 415.40. Section 415.40 provides in pertinent part: "A summons may be served on a person outside this state in any manner provided by this article or by sending a copy of the summons and of the complaint to the person to be served by first-class mail, postage prepaid, requiring a return receipt. Service of a summons by this form of mail is deemed complete on the 10th day after such mailing."

Because Fagor is a corporate entity, Cruz was also required to comply with the mandates of section 416.10. That section details how a plaintiff is to serve a summons on a corporate defendant and at the time in question provided in relevant part:

"A summons may be served on a corporation by delivering a copy of the summons and of the complaint: [¶] . . . [¶]

"(b) To the president or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a general

manager, or a person authorized by the corporation to receive service of process." (Former § 416.10.)

The trial court concluded that there was no proof that the summons and complaint were "delivered to the president or other officer, manager, or person authorized to receive service in accordance with section 416.10," and that this meant that service had not been properly effected. Our review of the record establishes that the trial court erred in making this determination.[4]

Section 417.20, subdivision (a), outlines what proof of service is necessary when serving a nonresident pursuant to section 415.40: "Proof that a summons was served on a person outside this state shall be made: [¶] (a) If served in a manner specified in a statute of this state, as prescribed by Section 417.10, and if service is made by mail pursuant to Section 415.40, proof of service shall include evidence satisfactory to the court establishing actual delivery to the person to be served, by a signed return receipt or other evidence."

A number of documents in the record establish that Cruz properly served Fagor with process pursuant to California's statutory requirements. The first is a Judicial Counsel of California proof of service form, completed and signed by Cruz's attorney, Harold Thompson. In that form, Thompson states that the summons and complaint were addressed and mailed to Patricio Barriga, the president of Fagor,[5] at 1099 Wall Street, Lyndhurst, New Jersey 07071-3678, which is the address Fagor listed in 2003 with the New York State Department of State, Division of Corporations, as its "service of process address."

In *Johnson & Johnson v. Superior Court* (1985) 38 Cal.3d 243, 254 [211 Cal.Rptr. 517, 695 P.2d 1058], the Supreme Court held that a proper affidavit is one that informs the trial court that the plaintiff "has completed all acts necessary to effect service." The returns of service on the corporate defend-

---

[4] The trial court also concluded that there was no proof that the summons and complaint were served on Fagor's agent for service or process or in compliance with Corporations Code section 2110. We agree with these conclusions; Cruz served Fagor pursuant to Code of Civil Procedure sections 415.40 and 416.10 by mailing a copy of the summons and complaint to the president of the corporation.

[5] Cruz erroneously identified Barriga as "Chairman of the Board" on the envelope. Fagor does not argue that service was invalid because of this error. Even if Fagor had raised this argument, we would conclude that it is meritless. The statutes require a plaintiff to send a copy of the complaint to the person to be served. For a corporation, the person to be served may include the president of the corporation. Cruz sent the summons and complaint to Barriga, who is the president of the corporation. This satisfies the requirements of the statute.

ants in that case were deemed to have satisfied that standard, because "each sworn affidavit of service recited the name of the person and the address to which the envelope containing the summons was directed . . . ." (*Id.* at p. 255.) Applying that standard to the facts here, Thompson's declaration was "properly executed" because it shows that Cruz addressed the summons and complaint to a person to be served, as listed under section 416.10.

Cruz also submitted a signed return receipt to establish the fact of actual delivery. A return receipt attached to the proof of service form shows that the envelope was accepted at the Lyndhurst address. The receipt was signed by Hayes. Fagor argues that Cruz has not established that Hayes was authorized to receive service of process on behalf of the corporation and, therefore, that Cruz failed to present satisfactory evidence of actual delivery to the person to be served. However, Cruz did present evidence that Hayes was authorized to receive mail on behalf of defendant. This evidence is sufficient to meet the requirements of section 417.20.

■ In *Neadeau v. Foster* (1982) 129 Cal.App.3d 234, 236 [180 Cal.Rptr. 806] (*Neadeau*), the appellate court concluded that there is no requirement that the return receipt be signed by the defendant, and evidence that the return receipt was signed by someone authorized to accept mail on the defendant's behalf is sufficient to establish actual delivery for purposes of proof of service. The defendant in *Neadeau* made an argument similar to the one Fagor raises, which the appellate court rejected: "Defendant's major contention is that the default judgment is void on its face because there is no competent evidence in the record to show he was actually served with process. As will be seen, we hold that the California statutory scheme (Code Civ. Proc., §§ 415.40 and 417.20 read together) permits completion of service by mail when the return receipt is signed by a person so authorized by the defendant. The personal signature of the defendant is not required." (*Neadeau, supra,* 129 Cal.App.3d at pp. 236–237, fns. omitted.)

In *Neadeau*, the plaintiff presented an affidavit of an individual who worked for the plaintiff. In the affidavit, that individual attested to the fact that the person who signed the return receipt was an employee of the defendant who was authorized to sign for and accept mail on the defendant's behalf. (*Neadeau, supra,* 129 Cal.App.3d at p. 237.)

In this case, Cruz submitted the declaration of his attorney, Harold Thompson, in which Thompson states that he confirmed with a representative of the United States Postal Service in Lyndhurst, New Jersey, that Hayes regularly receives mail on behalf of Fagor at its Lyndhurst office. This is similar to the evidence that was presented in *Neadeau* and is sufficient to

establish that an agent authorized to receive mail on defendant's behalf received the summons and complaint.

Moreover, there is no evidence to the contrary. Although Fagor submitted a declaration of Patricio Barriga, notably absent from that declaration is any statement that he does not know Hayes, that Hayes is not employed by Fagor, that Hayes is not authorized to accept mail for Barriga or other Fagor officers, or that neither Hayes or anyone else at Fagor received the summons and complaint at issue. Barriga also does not state that he was unaware of the action pending against Fagor.

The defendant in *Neadeau* similarly failed to present evidence sufficient to contradict the plaintiff's evidence of the signatory's agency: "In his declaration in support of his motion to set aside the default, defendant makes no contention that in any way factually refutes the affidavit submitted by Hosey. Thus, there is no assertion that Angela Johnson is not (or was not) defendant's office manager or that she was not authorized to accept mail on his behalf. Moreover, there is no assertion that [the] summons was not received by defendant, or that he was unaware of the action pending against him. Defendant, having the clear opportunity to refute what otherwise appears to be competent evidence that [it] was served with process, has failed to do so." (*Neadeau, supra*, 129 Cal.App.3d at p. 237.)

Although Barriga does state in his affidavit that he did not receive the summons or complaint, this is insufficient to take this case outside of the holding in *Neadeau*. Hayes received the summons and complaint. By virtue of her authority to accept mail on Fagor's behalf, Hayes's notice of the action is imputed to Fagor and its officers. (See *Neadeau, supra*, 129 Cal.App.3d at p. 236.) Barriga's statement that he did not receive the summons and complaint does not establish that service of process was invalid. Barriga had constructive knowledge of the existence of the action, and of the summons and complaint, once an individual authorized to receive corporate mail acknowledged service. To hold otherwise would be to ignore the realities of corporate life, in which the duty to sign for mail received often resides with a designated mail room employee, a receptionist, a secretary, or an assistant. A plaintiff who has provided evidence that a person authorized to receive mail on behalf of a corporation in fact received an item that was mailed to an officer of the corporation should not be held responsible for any failure on the part of the corporate defendant to effectively distribute that mail.

Cruz correctly addressed the summons and complaint to an appropriate individual and provided proof that the summons and complaint reached the

hands of a person who was authorized to accept mail on behalf of defendant. Cruz has thus satisfied all of the elements necessary to establish effective service. Fagor has presented no evidence that raises a factual issue as to the sufficiency of service of process.

Fagor contends that *Dill, supra,* 24 Cal.App.4th at page 1440, supports its position that Cruz failed to effectuate valid service of process. Although *Dill* is instructive, we disagree with Fagor's application of that case to the situation here. A close reading of *Dill* establishes that the holding in that case supports Cruz's position, not Fagor's.

In *Dill,* the appellate court concluded that a default judgment was void due to defective service of process. In reaching this conclusion, the *Dill* court relied solely on the fact that the plaintiff had failed to meet the requirements of section 415.50 because he had not addressed the envelope containing the summons and complaint to the "person to be served," as is required under that section. Specifically, the plaintiff failed to address the envelope to one of the corporate defendant's officers or an agent designated to accept service of process on its behalf. Instead, the plaintiff addressed the envelope to the corporation itself. Because Dill could not demonstrate that he met the statutory requirements for effective service, the appellate court went on to consider whether Dill could establish that he had substantially complied with the statutes governing service of process.

The *Dill* court noted that evidence that a mailed summons actually reached the individual to be served is sufficient to establish valid service, and thus to establish substantial compliance, even if the summons was signed for by someone who did not have the authority to do so. (*Dill, supra,* 24 Cal.App.4th at p. 1437.) Thus, if Dill had been able to provide evidence that a corporate officer or an agent for service of process had actually received the summons, this would have been sufficient to establish that the plaintiff had substantially complied with the statutes governing service of process. (*Ibid.*)

Dill argued that he provided sufficient evidence that an officer actually received the summons by presenting a postal receipt signed by someone other than a corporate officer. According to Dill, the fact that the person signed the receipt as an "Agent" meant that the summons had been received by a "person designated as agent for service of process" (§ 416.10, subd. (a)) or a "person authorized by the corporation to receive service of process" (§ 416.10, subd. (b)). The appellate court disagreed, concluding that the only evidence that tended to prove agency was the signature on the postal receipt, and that an extrajudicial statement of a person claiming to be an agent was not

admissible to prove the fact of agency unless the statement was made in the presence of the principal or communicated to the principal and the principal acquiesced in the statement. (*Dill, supra*, 24 Cal.App.4th at p. 1437.) The *Dill* court also noted that there was no evidence that the signatory had been specifically authorized to accept service of process, as opposed to being authorized to receive mail on behalf of the corporation or its officers. (*Id.* at p. 1438.)

According to Fagor, because Hayes is "neither an agent nor an addressee," under *Dill*, Cruz's service was defective. In making this assertion, Fagor fails to acknowledge that in this case, Cruz properly addressed the summons and complaint to an officer of the corporation, not to the corporation itself. This fact is a significant—and ultimately determinative—distinction between the attempted service by mail in *Dill* and the service by mail in this case. The *Dill* court contemplated the issue of agency in the context of determining whether Dill could establish substantial compliance with the statutes governing service of process, since the court had determined that Dill had not met the statutory requirements under sections 416.10 and 415.40. In this case, Cruz fully complied with the statutory requirements of sections 416.10 and 415.40. There is thus no need to determine whether he "substantially" complied with them. Indeed, the *Dill* court noted that in a circumstance such as exists in this case, a different result would be required: "Nevertheless, the dissent worries that unless we deem receipt signers such as Warner to have the ostensible authority to accept service of process, it will be 'difficult, if not impossible, to effectively serve foreign corporations by mail.' (Dis. opn. [of Mosk, J.], *post*, p. 1450.) We disagree. *Had Dill addressed the envelope containing the summons to one of the persons to be served, the service by mail would have been effective*. If the names of those officers are unknown to a plaintiff, we see no problem in addressing them solely by their titles. It was Dill's failure to do either that resulted in the invalidity of his attempted service." (*Dill, supra*, 24 Cal.App.4th at p. 1438, fn. 11, italics added.)

Another distinction between *Dill* and this case is that because the plaintiff in *Dill* failed to comply with the requirements of the statute, the defendant was not required to present its own evidence to contradict the plaintiff's evidence. Specifically, because "the proofs of service demonstrate that the copies of the summons were addressed solely to the corporations, rather than to any of the requisite persons to be served," the *Dill* court concluded that the defendants in that case "were not required to present any evidence in order to establish the invalidity of the service and the resulting lack of personal jurisdiction." (*Dill, supra*, 24 Cal.App.4th at p. 1441.) The same is not true here. Cruz demonstrated that he satisfied the requirements of both section

415.40 and section 416.10, and also presented evidence sufficient to meet the proof of service requirements. For this reason, it was incumbent upon Fagor to present evidence that would affirmatively establish a lack of personal jurisdiction. Again, Fagor failed to do so.

Contrary to Fagor's assertions, the facts of this case are also distinguishable from those in *Taylor-Rush v. Multitech Corp.* (1990) 217 Cal.App.3d 103 [265 Cal.Rptr. 672]. In *Taylor-Rush*, the return receipt from the summons and complaint was signed by two persons other than the addressee defendant. (*Id.* at p. 110.) The plaintiff in *Taylor-Rush* had addressed the summons and complaint to the defendant, but at an incorrect apartment number. (*Ibid.*) There was no evidence as to who the signators were or what the nature of their relationship to the defendant was, if any. (*Ibid.*) Moreover, the defendant submitted a declaration in which he asserted that he had never been served with the summons and complaint, that he had not authorized anyone other than his wife to accept mail on his behalf, and that he did not know who had signed the return receipt. (*Ibid.*)

The evidence in this case regarding Hayes is that she was a Fagor employee who routinely received mail on behalf of the corporation at the time she signed for the summons and complaint. Fagor presented no evidence to the contrary. In fact, Fagor's evidence makes no mention of Hayes. The only reasonable inference from the evidence in the record is that Hayes was authorized to accept mail on behalf of Fagor's president at the time she signed the return receipt for the summons and complaint.

Cruz met the requirements for service of process on an out-of-state corporate defendant under sections 415.40 and 416.10, and presented sufficient proof of service as required by section 417.20, subdivision (a), and the rule announced in *Neadeau, supra,* 129 Cal.App.3d at page 237. There was thus no basis for the trial court to conclude that the default judgment entered on May 31, 2005, was void for lack of valid service of the summons and complaint.

B. *Equitable relief on the basis of extrinsic mistake*

■ Although it did not explicitly say so, the trial court apparently relied on the ground of extrinsic mistake as an alternative basis for granting relief in this case. "Extrinsic mistake" refers to circumstances outside of the litigation that have prevented a party from obtaining a hearing on the merits. "[A] trial court may . . . vacate a default on equitable grounds even if statutory relief is unavailable. [Citation.]" (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 981 [35 Cal.Rptr.2d 669, 884 P.2d 126].)

A challenge to a trial court's order on a motion to vacate a default on equitable grounds is reviewed for an abuse of discretion. (*Rappleyea v. Campbell, supra,* 8 Cal.4th at p. 981.) Cruz contends that the trial court abused its discretion in granting Fagor equitable relief from the default and default judgment on the basis of extrinsic mistake. We agree.

Extrinsic mistake exists when the ground for relief is not so much the fraud or other misconduct of one of the parties as it is the excusable neglect of the defaulting party to appear and present his claim or defense. (See *Kulchar v. Kulchar* (1969) 1 Cal.3d 467, 471 [82 Cal.Rptr. 489, 462 P.2d 17] (*Kulchar*).) If such neglect results in an unjust judgment—one entered without a fair adversary hearing—the defendant may have a basis for equitable relief. (*Ibid.*)

Relief on the ground of extrinsic fraud or mistake is not available to a party if that party has been given notice of an action yet fails to appear, without having been prevented from participating in the action. (*Kulchar, supra,* 1 Cal.3d at p. 472.) " 'To set aside a judgment based upon extrinsic mistake one must satisfy three elements. First, the defaulted party must demonstrate that it has a meritorious case. Second[], the party seeking to set aside the default must articulate a satisfactory excuse for not presenting a defense to the original action. Last[], the moving party must demonstrate diligence in seeking to set aside the default once . . . discovered.' [Citation.]" (*Rappleyea v. Campbell, supra,* 8 Cal.4th at p. 982, italics omitted.)

In its order, the trial court asserts in a conclusory manner that Fagor "submitted evidence" that "it has a meritorious defense, there is a satisfactory excuse for its failure to present [a] timely defense, and it was diligent in seeking to set aside the default." Putting aside the issue whether Fagor established that it has a meritorious case, we conclude that Fagor failed to articulate a satisfactory excuse for not presenting a defense to the original action, and also failed to demonstrate diligence in seeking to set aside the default once it learned of it. Because the record does not support the trial court's assertions in this regard, we must conclude that the trial court abused its discretion in determining that equitable relief was appropriate in this case.

1. *Fagor presented no satisfactory excuse for its failure to defend against the action*

"Although the policy of the law is to favor a hearing on the merits of a case, courts are not required to set aside default judgments for defendants who flagrantly ignore the responsibility to present a defense. The burden of a

party who has had a default entered against him is not limited to merely articulating the existence of a meritorious case. The defendant must also demonstrate a satisfactory excuse for not responding to the original action in a timely manner. [Citation.]" (*Stiles v. Wallis* (1983) 147 Cal.App.3d 1143, 1148 [195 Cal.Rptr. 377].)

It appears that the trial court relied on the declaration and the amended declaration of Gisela Ramos, the "head of Fagor's Claims and Insurance Department," and the declaration of Barriga, to support its conclusion that Fagor presented a satisfactory excuse. These declarations offer the excuse that Fagor was unaware of the existence of the lawsuit prior to the time Cruz informed it of his request for entry of default. However, neither declaration provides sufficient factual support to establish that Fagor was justified in failing to defend against the action. Fagor has thus failed to articulate a satisfactory excuse for failing to present a defense to the original action.

In its appellate briefing, Fagor asserts that Barriga's statement that he did not receive the summons or complaint and Ramos's statement that she had no knowledge of the action, led to the conclusion that "Fagor was not aware the lawsuit had been filed until February 2005 when a notice of entry of default was forwarded to Fagor." However, the record discloses that Fagor was notified of the pending lawsuit by mail, and a Fagor employee who was authorized to receive mail on Fagor's behalf received and accepted the summons and complaint. This evidence is sufficient to establish that, at a minimum, Fagor had constructive knowledge of the fact that the lawsuit had been filed. In light of this evidence, Fagor was required to present evidence sufficient to establish that through some error not attributable to its own handling of the matter, Fagor did not receive actual notice of the lawsuit. It did not do so. Barriga does not state in his declaration that he was unaware of the lawsuit or that he had no knowledge of the summons or complaint. Instead, he simply states that he "never received" the summons and complaint. This statement does not establish that Fagor was unable to defend against the action because of lack of notice of the lawsuit. At most, it establishes a lack of sufficient internal procedures to ensure that mail received at Fagor's offices is routed to the intended recipients.

The fact that Ramos, the individual "who is to receive all claims against Fagor," attested that the first notice of the action she had was when she received the notice of request for default in late February 2005, also does not provide Fagor with a satisfactory excuse for failing to defend against the action. Although Fagor claimed in the trial court that certain of its officers or employees did not have notice of the lawsuit prior to Fagor's receipt of the

notice of request for default, this is insufficient to establish that Fagor did not have actual notice of the action.

Because Cruz satisfied his burden to establish that service of process was properly effectuated, upon the court's acceptance of Cruz's proof of service there existed a presumption of constructive notice to the corporation and its officers. The burden thus shifted to Fagor to establish that otherwise valid service of process did not result in actual notice to the corporation. Again, Cruz provided evidence that Hayes was a Fagor employee who was authorized to receive mail for defendant. Fagor did not rebut this evidence with a declaration stating that any of the evidence Cruz provided relating to Hayes was inaccurate, and there is no other indication in the record that Hayes was not a Fagor employee or that she was not authorized to receive mail on Fagor's behalf.[6]

Because Cruz provided sufficient proof of valid service of process, Barriga's declaration, in which he states that he never received the summons and complaint, is insufficient to meet the burden Fagor must satisfy. The Legislature has determined that plaintiffs may serve foreign individuals and entities by mail and has incorporated significant safeguards into the process to create a process that is reasonably calculated to provide notice to defendants. Cruz met these statutory safeguards; service was thus effective. Fagor and Barriga must be held to have had constructive knowledge of the lawsuit. In the absence of any evidence that would suggest that the summons and complaint were not received at Fagor's offices by a Fagor employee who was authorized to receive mail on behalf of the company, Fagor has failed to come forward with a satisfactory excuse for its failure to present a defense to the action in a timely manner. The fact that the internal mail handling procedures of a company may have resulted in the misplacement of documents that the evidence establishes were delivered to the company is not a sufficient excuse.[7]

---

[6] Fagor could have submitted declarations attesting, for example, that Hayes lacked real or apparent authority to accept mail on behalf of the corporation, or evidence that the address to which the summons and complaint were sent was not Fagor's address for service of process.

[7] There are significant policy reasons for placing the burden of ensuring proper internal document delivery on corporate defendants rather than on plaintiffs. In virtually every situation in which service of process on a foreign corporate defendant is attempted by mail, that defendant could assert lack of service by simply allowing an employee to sign for the document and then claiming that the particular individual to whom the documents were addressed never received the document. This could occur despite the fact that other officers or agents for service of process did, in fact, receive the documents. It would also allow corporate defendants to simply ignore otherwise valid service of process (i.e., service that is reasonably calculated to give the defendant notice of the action and an opportunity to defend itself) by instructing employees who receive the mail to withhold or destroy the documents rather than pass them along to the addressee.

At a minimum, Fagor was made aware of Cruz's request for entry of default at some time before February 22, 2005, when Ramos forwarded the notice of default to Fagor's insurance broker, which was prior to the time default was entered on February 25. It has offered *no* excuse as to why it made no attempt to defend the action or to specially appear once it admittedly had notice of the possibility of entry of default.

Fagor has not established that there was any *extrinsic* mistake that prevented it from defending against Cruz's lawsuit. Rather, the only conclusion one can draw from this record is that any mistake that may have resulted in Barriga or Ramos not receiving the summons and complaint occurred internally, as a result of improper handling of the matter within the corporation's office. This does not constitute a satisfactory excuse for failing to defend. Further, even if one were to accept Fagor's claim that it was unaware of the lawsuit prior to receiving Cruz's request for entry of default, Fagor still has not offered any justification for why it did not take any action or seek to have its insurer take any action in the time between when Ramos received notice of the action and the entry of default.

### 2. No evidence of diligence after notice of default

Even if Fagor had provided a sufficient excuse for its failure to defend against Cruz's action in the first place, it did not establish that it acted diligently in attempting to set aside the default after learning of it. Specifically, there is no evidence to support Fagor's assertion, or the trial court's conclusion, that Fagor acted diligently upon receiving notice of the action and potential default in February 2005. The court relied on the declarations of Ramos and Kathy Heaning, Fagor's insurance broker, to support its conclusion that Fagor acted diligently. However, these declarations demonstrate the continued and ongoing *lack* of diligence on Fagor's part.

Ramos states that upon receiving the notice of request for default, she forwarded it to Heaning on February 22, 2005. Heaning confirms that the document was transmitted to her on that date and attests that she then forwarded the document to Fagor's general insurance agent. There is no other evidence as to any steps Fagor took between finding out that Cruz was requesting that the court enter a default in February 2005, and late November 2005, when it received notice of a lien against it. This demonstrates a lack of diligence.[8]

---

[8] The record establishes that Fagor received additional notices regarding the progression of the action during this time period, yet did nothing about them.

In an attempt to establish diligence on its part, Fagor contends that it relied on its insurance broker, "assuming [its] interest would be protected by [its] insurance broker and carrier." Citing *Weitz v. Yankosky* (1966) 63 Cal.2d 849 [48 Cal.Rptr. 620, 409 P.2d 700] (*Weitz*), Fagor asserts that even though it "may have received subsequent notices regarding the default," it was nevertheless "under the reasonable impression [its] insurance company was protecting [its] interest."

■ "Where a default is entered because defendant has relied upon a codefendant or other interested party to defend, the question is whether the defendant was reasonably justified under the circumstances in his reliance or whether his neglect to attend to the matter was inexcusable. [Citations.]" (*Weitz, supra,* 63 Cal.2d at pp. 855–856.) This rule has been applied in instances where an insured relied upon his insurer to defend. (*Ibid.*) Fagor contends that it was under the reasonable impression that its insurance company was pursuing a defense or challenge to the entry of default.[9]

Reliance on a third party constitutes a satisfactory excuse only if it is reasonable. (See *Weitz, supra,* 63 Cal.2d at p. 855 [reliance on third party must be "reasonably justified"]; *Stiles v. Wallis, supra,* 147 Cal.App.3d at p. 1148 [although defendant believed his employer would provide a defense, he "failed to present evidence which would cause a reasonable person to sustain such a belief"].) "With regard to whether the circumstances warranted reliance by the defendant on a third party, the efforts made by the defendant to obtain a defense by the third party are, of course, relevant." (*Weitz, supra,* 63 Cal.2d at p. 856.) The defendant cannot reasonably rely on the third party's continued assurances in light of contrary information showing the third party is providing no defense. (*McCreadie v. Arques* (1967) 248 Cal.App.2d 39, 46 [56 Cal.Rptr. 188] (*McCreadie*) [once defendant received notice of entry of default, reliance "upon the representations of the attorney that all was well" was unreasonable].)

The record in this case does not support the conclusion that Fagor's reliance on its broker and/or insurance carrier was reasonable. Fagor claims that "[i]t was not until receiving the notice of levy from Target and JC Penny [*sic*] in November 2005 that Fagor realized the insurance company was not protecting [its] interest." However, two months after Fagor received the notice of request for default, Cruz served Fagor with a request for entry of

---

[9] Although reasonable reliance on a third party to defend generally refers to whether a party has provided a satisfactory excuse for the failure to defend against the action in the first place, the same considerations have been held applicable in "determining whether a delay in moving to set aside a default judgment is excusable." (*Weitz, supra,* 63 Cal.2d at pp. 857–858.)

judgment. This document notified Fagor that Cruz was seeking a judgment in the amount of approximately $260,000 against it. At a minimum, the filing of the request for entry of judgment put Fagor on reasonable inquiry notice that the insurer had not acted in response to the entry of default. However, neither Fagor nor its insurer filed anything with the court after receiving the request for entry of judgment. The declarations Fagor submitted shed no light on whether Fagor took any action at all (e.g., forwarding the documents to its insurer) in response to this notice. Heaning's declaration suggests that Fagor did not forward the documents to her: "4. I did not have any further involvement in the claim until February 22, 2005, when Fagor America, Inc. forwarded to me the notice of entry of default. [¶] 5. The next information I received on the claim was a facsimile dated November 2005, which was a notification of a lien. . . ." On October 24, 2005, Cruz mailed Fagor a document entitled "Memorandum of Costs after Judgment," which indicated that a judgment had been entered and that Cruz was seeking more than $10,000 in interest. Still, Fagor did nothing.

Fagor could not reasonably believe its insurer was defending against the default while it was receiving repeated indications that the insurer was not. (See *McCreadie, supra*, 248 Cal.App.2d at p. 46; cf. *Weitz, supra*, 63 Cal.2d at p. 855.) Fagor nevertheless waited until late November 2005—nine months after it admits it was aware that Cruz was seeking entry of default—before taking any action in this case, and then took action only when it faced a levy on its accounts receivable. Under these circumstances, Fagor's failure to inquire as to the status of the case or to follow up with its insurer cannot be considered diligent.

In cases in which courts have found that a defendant's reliance on a third party was reasonable, the defendant received no further information about the status of the litigation after submitting the complaint to the third party. (See *Weitz, supra*, 63 Cal.2d at p. 852 ["Defendant was not notified and had no knowledge" of the request for entry of default and entry of default judgment]; *Shields v. Siegel* (1966) 246 Cal.App.2d 334, 340 [54 Cal.Rptr. 577] [after defendant gave complaint to insurer, "[h]e heard nothing further about the matter" for two years, until after judgment was entered]; *Roussey v. Ernest W. Hahn, Inc.* (1967) 251 Cal.App.2d 251, 257 [59 Cal.Rptr. 399] [defendant was not informed of the codefendant's further actions in the case; defendant first learned of judgment six months after its entry].) In this case, Fagor was repeatedly served with additional filings evidencing the fact that its insurer had not challenged the entry of default, and that the case had progressed to a default judgment.

Fagor acknowledges in its brief that "[i]t is unclear what occurred after February 2005 and the receipt of notice of levy against the accounts receivable of Fagor in November 2005." In the next sentence, however, Fagor claims that "[a]t no time . . . has Fagor attempted to avoid service of process or otherwise not respond to appellant's claim." In support of this statement, Fagor cites to Barriga's declaration, in which he states that Fagor "did not, at any time, avoid and/or ignore service of the Summons and Complaint." This conclusory statement is not supported by other evidence in the record. There is no evidence that Fagor even inquired about the status of the case at any point after having been notified that a default had been requested. On this record, we conclude that Fagor's lack of action for more than nine months was unreasonable.

Perhaps in an effort to deflect the court's attention from the fact that it has no idea why nothing was done with regard to the default and default judgment for a number of months, Fagor makes much of the fact that Cruz did not file his lawsuit until 2004, approximately three years after the incident involving the pressure cooker occurred. Claiming that this shows that Cruz was "not in a 'rush' to the courthouse," Fagor suggests that Cruz therefore will "not be prejudiced by a trial on the merits." Fagor contends that the extent of the prejudice to plaintiff is "[a]n important consideration in determining whether a defendant has been diligent."

"[T]he fact that plaintiff fails to show any prejudice resulting from defendant's claimed lack of diligence, although important, is not decisive. Lack of prejudice is *one* of the factors the trial court may properly consider in determining whether defendant acted diligently." (*Weitz, supra*, 63 Cal.2d at p. 857.) "The other factor to be considered is whether defendant in the light of the circumstances known to him acted unreasonably in not filing the motion to set aside the default judgment earlier." (*Ibid.*) As we have already determined, Fagor acted unreasonably in failing to take any action to set aside the default and the default judgment once Fagor learned of their existence. Moreover, the record does not establish that Cruz would suffer no prejudice as a result of Fagor's inexcusable delay.

A review of the record demonstrates that Cruz diligently attempted to receive compensation from Fagor's insurance company during the period of time between the incident and the filing of the complaint in this case. It was not until after counsel for Cruz received a letter from American Equity in August 2004 reiterating its previous denial of Cruz's claim that Cruz filed this lawsuit. On this record, it is clear that Cruz was attempting to resolve the matter without having to resort to litigation.

## IV.

## DISPOSITION

The order of the trial court is reversed. Cruz is awarded costs on appeal.

Haller, Acting P. J., and McIntyre, J., concurred.

Respondent's petition for review by the Supreme Court was denied April 11, 2007, S150231. George, C. J., did not participate therein.