Filed 5/13/13  Helm v. Petz CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| JOSEPH HELM, | C070426 |
| Plaintiff and Appellant, | (Super. Ct. No. 39201100259419CUPOSTK) |
| v. | |
| MICHAEL PETZ, | |
| Defendant and Respondent. | |

Plaintiff Joseph Helm obtained a $3.6 million default judgment against defendant Michael Petz.  The trial court subsequently granted Petz's motion to set aside his default and the default judgment, after Petz argued he was not properly served with the summons, complaint, or statement of damages.

Helm appeals from the trial court's order setting aside Petz's default and the default judgment entered against him.  We find no error, and shall affirm the trial court's order.

1

## BACKGROUND

This action arises out of a car accident. Helm, then 17 years old, lost control of his car while attempting to avoid another vehicle and skidded off the road onto property leased by Petz at 2630 W. Durham Ferry Road in Tracy.

Helm settled with the driver of the other car and sued Petz for personal injuries sustained in the accident. Helm alleged that Petz (or someone at his direction) applied a chemical to control dust on the road that caused it to be " 'slick as ice' " and caused Helm's injuries.

Apparently believing that Petz lived at 2630 W. Durham Ferry Road, Helm hired a process server who filed a declaration of diligence that he twice attempted to serve Petz at that address, stating, "House is in a rural area. No response at door. No cars." In his third attempt at serving Petz at that address, the process server "[d]iscovered a warehouse in back. Paragon Company. Per employee, Mike not in." On the fourth day, the process server averred he accomplished substituted service on Petz by leaving a copy of the summons, complaint, and statement of damages with "Jerry Dias, Employee," a "competent member" of Petz's household.

When Petz did not respond to the complaint, Helm filed a request for entry of Petz's default, which was mailed to Petz at the 2630 W. Durham Ferry Road address.[1]

The trial court entered a default judgment against Petz in the amount of $3.6 million, plus costs. According to the proof of service, notice of entry of judgment was mailed to Petz at *2360* W. Durham Ferry Road, and to Petz's insurance defense counsel in Rancho Cordova.

---

[1] Helm also sought to take the default of Petz's father, David, a named defendant in the complaint, based on his alleged ownership of the property on which Helm's injuries occurred. Helm purported to give David notice of the default application by mailing to the same address. David Petz died years before Helm's accident.

2

Petz then brought the instant motion to set aside the default and default judgment, on the ground that Helm "completely failed to effect proper service" of the summons, complaint, or statement of damages and "[a] defendant who is not properly served is entitled to relief from default and default judgment. [CCP § 473(d)]." Petz also asserted he was never served with a copy of Helm's request for entry of default, and the default judgment is excessive. (Code Civ. Proc., §§ 473, 473.5.)[2] Petz averred in support of his motion he was never personally served with the summons and complaint, and copies were never mailed to his home.[3] He purchased the leased family farm at 2630 W. Durham Ferry Road around the time the complaint was filed but had resided elsewhere (on S. Bevis Road in Tracy) for the past 21 years. Jerry Dias, the person allegedly served, was not an employee of Petz and was not authorized to accept service for Petz; rather, Dias was a sole proprietor who did business as Paragon Company, with which Petz had never been associated.

Dias also submitted a declaration stating he was neither an employee of Petz nor a " 'person in charge' " of Petz's business; he told the process server Petz did not reside at that property and if the documents were important, they should be delivered to Petz at his residence nearby.

Petz's insurance defense counsel also submitted a declaration in which she described attempts to persuade Helm's counsel that service was defective and he should set aside the default taken against Petz. At the prove-up hearing, counsel informed the court Petz was not properly served.

---

[2] Undesignated statutory references are to the Code of Civil Procedure.

[3] Petz includes in his respondent's appendix the declarations he filed in support of the motion, which were not included in the appellant's appendix. We hereby deny Helm's request that we strike these documents from the appellate record.

3

Helm opposed the motion. In serving Petz at 2630 W. Durham Ferry Road, Helm relied on Petz's testimony in related proceedings against the other driver that he owns the subject property and conducts a farming business there, and that he drives "through that intersection twenty, thirty times a day" to "check on workers." Legal mail sent to Petz at 2630 W. Durham Ferry Road was not always returned as undeliverable. The insurance company acknowledged Helm as the claimant and was aware that Helm had made a request for entry of default; its counsel "appeared" at the prove-up hearing on Helm's request for default judgment. Any "ostensible defects" in service were waived, and the service requirements were "substantial[ly] compli[ed]" with. Helm's father and uncle each submitted a declaration, averring that he met Petz on the 2630 W. Durham Ferry Road property and that Petz told them "this was his property and business location, where he maintained a shop and office."

In reply, Petz averred he never represented to Helm's father and uncle that his farm repair shop is or was his office or an address where he receives mail. The house on the 2630 W. Durham Ferry Road property is rented, and only the tenant uses that mailbox; Petz maintains his home and business office on S. Bevis Road. Petz argued, again, that the default and default judgment should be vacated because Helm "completely failed to effect proper service," citing both sections 473, subdivision (d) and 473.5.

At the hearing on Petz's motion to set aside the default and default judgment, Helm's counsel challenged Petz's "credibility" as to whether he "operates his farming business out of 2630 West [Durham] Ferry Road." The trial court ultimately concluded that its tentative ruling setting aside the default judgment under section 473, subdivision (d) would "stay."

## DISCUSSION

A trial court may, upon motion by either party after notice to the other party, "set aside any void judgment or order." (§ 473, subd. (d).) Its decision to grant or deny relief will not be disturbed on appeal absent clear abuse. (*Zamora v. Clayborn Contracting*

4

*Group, Inc.* (2002) 28 Cal.4th 249, 257 (*Zamora*).)  The policy of the law favors a hearing on the merits.  (*Shamblin v. Brattain* (1988) 44 Cal.3d 474, 478.)

A default judgment entered against a defendant who was not served with a summons in the manner prescribed by statute is void.  Under section 473, subdivision (d), the court may set aside a default judgment that is valid on its face but void, as a matter of law, due to improper service.  (*Hearn v. Howard* (2009) 177 Cal.App.4th 1193, 1200 (*Hearn*); accord, *Sakaguchi v. Sakaguchi* (2009) 173 Cal.App.4th 852, 858.)  Where the question on appeal is whether the entry of default and the default judgment were void for lack of proper service of process, we review the trial court's determination de novo. (*Cruz v. Fagor America, Inc.* (2007) 146 Cal.App.4th 488, 495-496 (*Cruz*).)

Here, the parties do not dispute that Petz was not personally served.  (§ 415.10.) Nor was he served by "leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode . . . ."  (§ 415.20, subd. (b).)  And the trial court apparently concluded that Petz was not, in lieu of personal service, served "by leaving a copy of the summons and complaint during usual office hours in his . . . office" or at his "usual mailing address" (§ 415.20, subd. (a)), or served "by leaving a copy of the summons and complaint at [his] . . . usual place of business, or usual mailing address . . . in the presence of a competent member of the household or a person apparently in charge of his or her office, [or] place of business . . ." (§ 415.20, subd. (b)).  In so doing, the trial court credited Petz's declaration that the address to which the summons and complaint were delivered was neither his residence nor his business office.  We will not disturb the trial court's determination of controverted facts.  (*Zamora*, *supra*, 28 Cal.4th at pp. 257-258.)

We agree with the trial court that these facts compel the conclusion that Petz was not properly served with the summons and complaint; accordingly, the entry of default and the default judgment were void for lack of proper service of process.  (*Hearn*, *supra*, 177 Cal.App.4th at p. 1200; *Cruz*, *supra*, 146 Cal.App.4th at pp. 495-496.)

5

Helm argues on appeal the trial court had no jurisdiction to set aside the judgment under section 473 because "the notice of motion and motion did not argue section 473 as a basis for relief." True, Petz chiefly relied in his moving papers upon section 473.5 as a basis for relief, inasmuch as he argued that service was so procedurally inadequate as to fail to afford him of actual notice of the proceeding in time to defend himself against the default or default judgment. However, his moving papers argued at length the "default and default judgment should be vacated/set aside because [Helm] completely failed to effect proper service on Mr. Petz" and, specifically, argued that "[a] defendant who is not properly served is entitled to relief from default and default judgment. [CCP § 473(d)]." His reply papers also identify section 473, subdivision (d) as a basis for relief. Petz did not "abandon[] any right to relief under section 473." There was no error.

## DISPOSITION

The order is affirmed.

                                                          RAYE                , P. J.


We concur:



        BLEASE            , J.



        NICHOLSON        , J.

6