Filed 5/18/22  Pak v. Chon CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| CLARA PAK,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>DONNA CHON,<br><br>        Defendant and Appellant. | B310411<br><br>(Los Angeles County<br>Super. Ct. No. BC537530) |

APPEAL from orders of the Superior Court of Los Angeles County, Michael L. Stern, Judge.  Affirmed.

Moon & Dorsett and Dana Moon for Defendant and Appellant.

Law Offices of Jong Yun Kim and Jong Yun Kim for Plaintiff and Respondent.

Donna Chon (appellant) appeals from an order denying her motion to set aside entry of default and default judgment in this action against her for breach of contract, fraud—intentional misrepresentation, fraud—negligence, and common count—money lent. Appellant also challenges the trial court's implicit denial of her motion to quash service of summons and the implicit overrulings of her evidentiary objections. We find no error in the trial court's orders and rulings and affirm.

## BACKGROUND

In her complaint, Clara Pak (respondent) alleged that appellant failed to repay debts incurred between May 2011 and November 2013. Respondent alleged that appellant owed respondent $70,400 based on an oral agreement to make monthly payments.

On February 25, 2014, respondent filed the complaint. On March 4, 2014, respondent filed her proof of service of the summons and complaint on appellant as of March 2, 2014, via substitute service on Steven Chon.

Twelve days following service of process, appellant filed a grant deed transferring title to her house to her husband, Jaeis S. Chon.[1]

On June 20, 2014, the trial court entered a default judgment against appellant in the amount of $70,944. More than six years later, on August 12, 2020, respondent initiated the enforcement of default judgment by having a writ of execution issued.

---

[1] Jaeis S. Chon's legal name on his driver license is "Jaeis Steve Chon."

On September 22, 2020, appellant filed her "Motion to Set Aside Void Entry of Default and Default Judgment and to Quash Service of Summons," accompanied by points and authorities and declarations from appellant and her husband, Jaeis Steve Chon (Chon).[2] Appellant claimed the default judgment was void due to lack of proper service. In their declarations, appellant and Chon claimed they were never married, that they "broke up" before the alleged service took place, and they did not live together at the time of service. Appellant argued that the court should set aside the judgment under its equitable power and under Code of Civil Procedure section 473 (section 473), subdivision (d), which permits a court to set aside a void judgment or order.[3]

On October 14, 2020, respondent filed an opposition, memorandum of points and authorities, and the declaration of Jong Yun Kim, respondent's counsel. To impeach the credibility of appellant and Chon, respondent's counsel located declarations from two previous lawsuits in which appellant and Chon were plaintiffs. In both cases, appellant and Chon stated they were married. The declarations described their decades-long happy

---

[2]     The declaration was signed as "Jaeis Chon."

[3]     Code of Civil Procedure section 473.5, subdivision (a), requires that a motion for relief be served and filed "within a reasonable time, but in no event exceeding the earlier of: (i) two years after entry of a default judgment against him or her; or (ii) 180 days after service on him or her of a written notice that the default or default judgment has been entered." Appellant's motion was untimely under section 473.5, subdivision (a), and appellant does not argue otherwise on appeal.

3

marriage, their three children, and loving relationship as a couple.

Appellant filed her reply on November 4, 2020, including evidentiary objections to respondent's evidence.

A hearing was held on the motions on November 16, 2020. The court took the matter under submission and later issued a minute order denying appellant's motion to set aside the default judgment, stating:

> "The [appellant] proved difficult to serve but was tracked down to the address of a residence that she shared with [Jaeis] Stephen [*sic*] Chon and was served via substitute service. [¶] Within twelve days of that service, [appellant] transferred the property that was in her name to [Jaies] Stephen Chon as a gift. She did not answer the complaint but apparently had notice of the case based on the substitute service and the close coincidence [t]hat she transferred the property immediately after service of process was effected. . . . [¶] . . . [¶] The declarations provided by [appellant] and [Jaeis] Stephen Chon defy credibility. [Appellant] is unpersuasive in contending that she [does] not know of the lawsuit. She does not provide a satisfactory reason why substitute service was not effective, why it should not be presumed by the Court to have been properly accomplished or why she transferred the property . . . within just days of the service of the summons . . . . Her actions defy logic and are consistent with avoidance of the lawsuit and collectability of a judgment based on the [respondent's] allegations herein."

The court did not enter any ruling on appellant's motion to quash or objections.

4

On November 25, 2020, appellant filed a motion for reconsideration, seeking an express ruling on her motion to quash and objections.  On November 30, 2020, appellant filed an ex parte application to have the reconsideration motion heard before the deadline for appeal.  Respondent opposed the ex parte application.  On December 1, 2020, the trial court denied appellant's ex parte application.

Appellant filed her notice of appeal from the order after judgment on January 14, 2021.

On January 20, 2021, respondent filed her opposition to appellant's reconsideration motion.  On January 26, 2021, the trial court stayed the entire case and took off calendar the reconsideration motion based on the fact that appellant filed a notice of appeal.

## DISCUSSION

## I.    The trial court did not err in denying relief from default under section 473, subdivision (d)

### A.    *Applicable law and standard of review*

Section 473, subdivision (d) provides that a trial court "may, on motion of either party after notice to the other party, set aside any void judgment or order."  A decision whether to grant a motion to set aside a judgment under section 473, subdivision (d), is within the trial court's discretion.  (*Cruz v. Fagor America, Inc.* (2007) 146 Cal.App.4th 488, 495 (*Cruz*).)  The trial court has no statutory power to set aside a judgment that is not void.  (*Id.* at pp. 495-496.)  We review de novo a trial court's determination as to whether a judgment is void.  (*Id.* at p. 496.)  Thus, the reviewing court "faces two separate determinations when considering an appeal based on section 473, subdivision (d):

5

whether the order or judgment is void and, if so, whether the trial court properly exercised its discretion in setting it aside." (*Nixon Peabody LLP v. Superior Court* (2014) 230 Cal.App.4th 818, 822.)

**B.** ***The judgment was not void***

"In determining whether an order is void for purposes of section 473, subdivision (d), courts distinguish between orders that are void on the face of the record and orders that appear valid on the face of the record but are shown to be invalid through consideration of extrinsic evidence." (*Pittman v. Beck Park Apartments Ltd.* (2018) 20 Cal.App.5th 1009, 1020 (*Pittman*).) Thus, if a defendant files a motion to vacate a default judgment more than two years after the judgment is entered, the only relief available under section 473, subdivision (d), is to show service was void on the face of the judgment roll. (*Rogers v. Silverman* (1989) 216 Cal.App.3d 1114, 1120-1121.)

""A judgment or order is said to be void on its face when the invalidity is apparent upon an inspection of the judgment-roll."" (*Cruz, supra*, 146 Cal.App.4th at p. 496.) Inspection of the judgment roll in this case does not reveal that the judgment was invalid. Instead, the record shows that appellant was properly served by substitute service pursuant to Code of Civil Procedure section 415.20, subdivision (b), on March 2, 2014. The registered process server, Bryan Canas, filed a declaration of due diligence stating that he unsuccessfully attempted service on appellant at her Torrance, California residence address on three separate occasions between February 26 through March 1, 2014. On March 2, 2014, on his fourth attempt, Canas declared that the summons and complaint were "sub-served" on "Steven Chon, Spouse Co-resindent [*sic*] Asian M Gray hair 60 years old 5'9["] 185 lbs." The following day, Canas sent via first class mail,

6

postage prepaid, a true copy of the summons and complaint to appellant at the same address.

Pursuant to Code of Civil Procedure section 417.10, subdivision (a), the proof of service contained an affidavit showing the time, place, and manner of service, as well as the name of the person to whom a copy of the summons and complaint were delivered. The proof of service was filed with the court on March 4, 2014.

The proof of service appears valid on its face. Appellant makes no argument that the judgment roll shows an apparent invalidity. Instead, appellant argues that extrinsic evidence, in the form of declarations, shows that Chon was not at home at the time of the purported substitute service. Chon also disputed the name and description contained in the proof of service, claiming that the name of the person in the summons was "Steven Chon" while his legal name is "Jaeis Steve Chon," and his physical description was inaccurate, as he was described with gray hair, five feet nine inches and 185 lbs., while he is in fact six feet tall, weighing 200 lbs. and has dark brown hair.

In addition to the declaration filed by Chon, appellant provided a declaration stating that while she "previously lived with Jaeis [Chon] at . . . Torrance ('Residence'), [she] moved out of Residence in August or September 2013." Appellant provided no details of where she moved or where she currently lives.[4]

---

[4] Respondent provided contradictory evidence in the form of reports from two different private investigation firms, which confirmed that appellant's only listed address was the Torrance address where she was served in March 2014 by substitute service. In addition, one firm searched for any postal forwarding requests for Donna Chon in the records of the United States

"To prove that the judgment is void, the party challenging the judgment is limited to the judgment roll, i.e., no extrinsic evidence is allowed." (*OC Interior Services, LLC v. Nationstar Mortgage, LLC* (2017) 7 Cal.App.5th 1318, 1327.) Appellant has failed to show that the judgment was void on its face.

Appellant argues that there is an exception to the rule that a void judgment cannot be challenged based on extrinsic evidence. Appellant cites *Hill v. City Cab & Transfer Co.* (1889) 79 Cal. 188, 191 (*Hill*), for the proposition that although the judgment may not be void on its face, a court must treat it as void where evidence is admitted without objection or opposition.[5] The *Hill* case is inapplicable, as respondent vigorously opposed appellant's extrinsic evidence in this matter. Appellant's extrinsic evidence was not only opposed—the trial court found it to lack credibility.

The judgment was not void on its face as a matter of law.

---

Postal Service and found no such forwarding requests. Nor were there any divorce records for Donna and Jaeis Chon. The databases showed both Donna Chon and Jaeis Steve Chon residing at the Torrance address.

[5] The *Hill* court stated, "If the [plaintiff] should admit the facts which show the judgment to be void, or if he should allow them to be established without opposition, then, as a question of law upon such facts, we do not see why the case is not like that where a judgment is void upon its face. . . . The judgment sued on, being shown to be absolutely void, cannot be held to be valid, or to be a cause of action." (*Hill, supra*, 79 Cal. at p. 191.)

**C.** *The trial court had no authority to set aside the judgment under section 473, subdivision (d)*

"A trial court has no statutory power under section 473, subdivision (d) to set aside a judgment that is not void: Once six months have elapsed since entry of a judgment, 'a trial court may grant a motion to set aside that judgment as void only if the judgment is void on its face.'" (*Cruz, supra*, 146 Cal.App.4th at pp. 495-496.)

The motion for relief from default in this matter was filed over six years after entry of judgment. The judgment was not void on its face. Therefore, the trial court properly denied appellant relief from judgment.

**II.** **The trial court did not err in declining to exercise its equitable powers to provide relief from default**

In addition to the court's statutory power under section 473, subdivision (d), the trial court has "the inherent power to vacate a default judgment or order on equitable grounds where a party establishes that the judgment or order was void for lack of due process [citation] or resulted from extrinsic fraud or mistake [citation]." (*County of San Diego v. Gorham* (2010) 186 Cal.App.4th 1215, 1228 (*Gorham*).) A motion may be brought on such ground "even though the statutory period has run." (*Id.* at p. 1229.) However, "[b]ecause of the strong public policy in favor of the finality of judgments, equitable relief from a default judgment or order is available only in exceptional circumstances." (*Id.* at pp. 1229-1230.) A challenge to a trial court's order denying a motion to vacate a default on equitable grounds is reviewed for abuse of discretion. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 981.)

9

In *Gorham*, the defendant "rebutted the facts stated in the proof of service." (*Gorham, supra*, 186 Cal.App.4th at p. 1230.) Specifically, "[b]ecause Gorham was incarcerated at the time he was said to have been served, . . . the proof of service was false and consequently the default judgment was void." (*Ibid.*)[6] Those facts were not challenged on appeal. The *Gorham* court noted, "the filing of a false proof of service based on perjury by the process server to acquire personal jurisdiction over a party is different from other forms of fraudulent acts." (*Gorham*, at p. 1230.) Because the trial court never obtained judgment over the defendant, the court never obtained personal jurisdiction over him, and the resulting judgment was void as a violation of due process. (*Ibid.*)

In this matter, in contrast to *Gorham*, the trial court determined there was insufficient evidence of extrinsic fraud to justify relief from default. In fact, the court found that the declarations provided by appellant and her husband "def[ied] credibility." In addition, appellant's act of transferring her property within days of the service of summons weighed against her. In short, the court found that appellant's actions were "consistent with avoidance of the lawsuit." Based on the evidence, the trial court's determination that relief from default was not warranted was well within its discretion.[7]

---

[6] Gorham had provided court minutes showing his guilty plea and sentencing in San Diego Superior Court as well as six pages of his incarceration history. (*Gorham, supra*, 186 Cal.App.4th at p. 1222.)

[7] Appellant makes much of the fact that respondent did not provide a second declaration from the process server in this

### III. The trial court did not improperly fail to rule

#### A. *Motion to quash*

Appellant argues that the trial court erred in failing to rule on her motion to quash service. The trial court's implicit denial of appellant's motion to quash service is reviewed under the substantial evidence rule.[8] (*Sonora Diamond Corp. v. Superior Court* (2000) 83 Cal.App.4th 523, 535 (*Sonora*).) Under this rule, we resolve "all conflicts in the relevant evidence 'against the appellant and in support of the order.'" (*Ibid.*)

The plaintiff bears the initial burden of providing the "'facts of jurisdiction.'" (*Sonora, supra*, 83 Cal.App.4th at p. 535.) Respondent did so by providing the original proof of service and declaration of the process server, along with evidence that appellant was married to Chon and resided in the same home with Chon. In short, the same facts that caused the trial court to deny appellant's motion for relief from default constituted substantial evidence in support of the trial court's decision

---

action. However, respondent provided sufficient additional evidence, including the original declaration from the process server, as well as declarations from private investigators, to rebut Chon's statement that he was not home at the time of service. Respondent also provided ample evidence undermining the credibility of appellant and her husband, including declarations that they filed in other civil matters detailing their loving married life with children. The trial court was not required to credit Chon's declaration in the face of this contradictory and damaging evidence.

[8] When a court does not expressly rule on an issue, we may consider this an implicit denial. (*Estate of Moss* (2012) 204 Cal.App.4th 521, 527, fn. 7.)

11

denying appellant's motion to quash service. When the trial court denied appellant's motion for relief from default, it determined that service was proper, there was jurisdiction, and the judgment against appellant was not entered in error.

As set forth above, the trial court found that appellant's contrary evidence lacked credibility, and that her actions in this matter were consistent with avoidance of the lawsuit. The court's implicit denial of appellant's motion to quash was amply supported by the evidence before the court.

While appellant asked for an express ruling, her motion was taken off calendar after she filed her notice of appeal. When a notice of appeal is filed, the superior court loses jurisdiction. Thus the matter was properly stayed. (*Jackson v. Superior Court* (2010) 189 Cal.App.4th 1051, 1056.)

### B.    *Objections*

Appellant cites no authority suggesting that a trial court commits reversible error in declining to expressly rule on objections to evidence. Instead, we "must conclude the trial court considered any evidence to which it did not expressly sustain an objection." (*Reid v. Google* (2010) 50 Cal.4th 512, 526-527.) When a trial court "fails to rule, the objections are preserved on appeal." (*Id.* at p. 532.) Evidentiary issues are reviewed for abuse of discretion. (*People v. Waidla* (2000) 22 Cal.4th 690, 717.) "'[A]n erroneous evidentiary ruling requires reversal only if "there is a reasonable probability that a result more favorable to the appealing party would have been reached in the absence of the error."'" (*Serri v. Santa Clara University* (2014) 226 Cal.App.4th 830, 857.)

Appellant challenges only three specific evidentiary rulings on appeal. First, she mentions a photograph of Chon, which she

claims was unauthenticated, unrelated, and blurry. Appellant makes no argument as to how the photograph affected the outcome of the case. In the absence of such a showing, we decline to find that the trial court abused its discretion in implicitly overruling her objection.

In a footnote, appellant challenges respondent's statement in her declaration that respondent's attorney hired two different private investigation firms who confirmed that the Torrance address where substitute service took place was appellant's current address. Appellant's objection to the investigative reports appears to be on the ground of relevance, since appellant argues that these firms did not confirm appellant's address prior to March 2, 2014. However, given appellant's failure to provide any alternative address for the time period surrounding service of process, the private investigation reports are relevant.[9] The trial court did not abuse its discretion in considering the reports.

---

[9] Appellant fails to provide sufficient information, legal authority or argument as to why the investigation reports should have been excluded based on her other objections including hearsay, lack of foundation, and conclusory in nature. Due to appellant's failure to provide meaningful argument, we treat these evidentiary issues as forfeited on appeal. (*Blizzard Energy, Inc. v. Schaefers* (2021) 71 Cal.App.5th 832, 856 ["'It is the responsibility of the appellant . . . to support claims of error with meaningful argument and citation to authority. [Citations.] When[, as here, meaningful] legal argument with citation to authority is not furnished on a particular point, we may treat the point as forfeited . . . .'"])

**DISPOSITION**

The orders and evidentiary rulings are affirmed. Respondent is awarded her costs of appeal.

_____
CHAVEZ, J.

We concur:

_____
LUI, P. J.

_____
HOFFSTADT, J.