Filed 10/31/23  Marks v. Gouett CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| DEBBIE MARKS,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>LAURIE GOUETT et al.,<br><br>Defendants;<br><br>VERIZON COMMUNICATIONS,<br><br>Intervener and Respondent. | B318945<br><br>(Los Angeles County<br>Super. Ct. No. BC524946<br>consol. with No. BC525507) |

APPEAL from judgment and order of the Superior Court of Los Angeles County.  Bernie C. LaForteza, Judge.  Affirmed.

The Injury Law Center and Louis Krass for Plaintiff and Appellant.

Michael Sullivan & Associates and Megan B. Mavis for Intervener and Respondent.

_____

Debbie Marks appeals from an order denying a motion to vacate and the underlying judgment. However, the record on appeal does not include the motion to vacate and fails to include key pleadings from the trial court docket. We affirm because we have no basis for meaningful appellate review.

## DISCUSSION

## I.    The record is deficient

The record in this case is incomplete. Therefore, we have no basis to understand the underlying facts and procedural history in this case. Moreover, this case appears to be affected by multiple suits, and we do not have a sufficient record to understand the other suits affecting this appeal. Nonetheless, we set out some facts and some assertions to the extent they are in the record or briefs to provide some context.

On October 22, 2013, Marks filed suit. According to the trial court docket, this case is a "Motor Vehicle" dispute.

According to Marks's appellate briefs, Marks worked for Verizon Communications (Verizon) and suffered a work injury, which resulted in two workers' compensation suits. According to Marks's opening brief, there was a car collision when Marks was en route to medical treatment after suffering work injuries. Marks's brief states that the case involving the car collision is the subject of this appeal. Verizon appears to agree that the initial focus of this suit was a car collision, and that two workers' compensation suits tangentially affected this case. However, the complaint is not in the record, and we cannot ascertain the claims alleged or the parties involved in this case. Consequently, we cannot rely on this record to establish the basic facts of this suit.

According to Verizon, Sedgwick Claims Management Services (Sedgwick) filed suit ("Sedgwick Claims Suit") against

2

the third-party driver who had a collision with Marks in a distinct suit that is not the subject of this appeal. According to Verizon's brief, Sedgwick is Verizon's "third-party administrator" and sought subrogation of expenditures from some of the same defendants that Marks sued. However, neither the pleadings nor docket for the Sedgwick Claims Suit is in the record, and we cannot independently ascertain the parties, claims, or context of the Sedgwick Claims Suit. Marks appears to agree that the Sedgwick Claims Suit was filed and that it involved a subrogation claim. As discussed above, the record does not establish any of these facts.

Nonetheless, the record does include a stipulation for dismissal of the Sedgwick Claims Suit providing that "the complaint filed by Sedgwick in the Sedgwick action is being dismissed. Plaintiff-in-Intervention Verizon is not dismissing its complaint-in-intervention or waiving any rights in the Marks action." The stipulation appears to have been filed on April 8, 2015. On April 21, 2015, the Sedgwick Claims Suit was dismissed with prejudice.

On February 10, 2015, a plaintiff filed a complaint-in-intervention in this case. According to Marks and Verizon, this is Verizon's complaint-in-intervention.

On July 12, 2017, Verizon filed a request for dismissal with prejudice of its claims against defendants Orchard Supply Hardware Stores Corporation, ABCDE Transportation LLC, and Neil Gouett. The clerk granted the request on the same day. On November 9, 2017, Verizon filed another request for dismissal regarding its claims against defendant Laurie Gouett. The clerk granted the request on the same day. It is unclear if any

3

defendants remained from Verizon's complaint-in-intervention as we cannot ascertain the identities of the parties from this record.

On January 10, 2018, a claimant filed a notice of lien in this case. Both Marks and Verizon agree that this is Verizon's notice of lien, but the notice of lien is not in the record.

On July 11, 2018, Verizon dismissed its complaint-in-intervention without prejudice.

On July 13, 2018, the trial court entered an "Order re Stipulation to Settlement." In the stipulation, although its claims had apparently been dismissed without prejudice, Verizon dismissed with prejudice its claims against Brooke Gouett, Orchard Supply Hardware Stores Corporation, and Ace American Insurance Company. The trial court further dismissed any other Verizon claims without prejudice.

Similarly, on July 13, 2018, Plaintiff Marks and Defendants Lourie Gouett and Brooke Gouett filed a "Stipulation for Settlement," and the trial court signed the stipulation on the same day.

The record also includes a document dated January 31, 2019, labeled "Stipulation for Settlement" on Judicate West letterhead. In this stipulation, the document purports that Marks settled her claims with Orchard Supply and Hardware which provides that "All liens, including but not limited to that of the workers compensation carrier (Verizon) are the sole responsibility of the plaintiff." Verizon states that this document was filed, but there does not appear to be any record of it being filed when it was signed.

On April 9, 2021, Verizon, as a lien claimant, moved to enforce its subrogation lien. Marks filed an opposition on April 20, 2021, and Verizon filed its reply on April 28, 2021. Only

Verizon's motion and Marks's opposition are in the appellate record.

On May 25, 2021, the trial court granted Verizon's motion to enforce the lien. This trial court order is in the record. The trial court rejected Marks's argument that Verizon's dismissal of several defendants precluded Verizon from enforcing its lien. The trial court further concluded that Labor Code section 3852 "allows for multiple ways to enforce a lien, including through intervention or by notice of first lien." The trial court enforced the lien. This order is the basis of the judgment that Marks appears to challenge on appeal.

Verizon filed a notice of entry of judgment on August 23, 2021.

Marks filed various challenges to the trial court's May 25, 2021 order on the lien including a motion for new trial and at least two motions to vacate. On September 23, 2021, Marks filed a "Motion to Vacate the Order of May 25, 2021." This motion, with its supporting papers, is in the record. The trial court denied this motion to vacate on October 12, 2021.

Marks filed another motion to vacate on October 12, 2021. The motion and any supporting documents are not in the record. Verizon provided this court with a purported copy of Marks's notice of motion and motion filed on October 12, 2021 as an attachment to its brief on appeal. However, even this notice of motion and motion from October 12, 2021 is not properly in the record as Verizon did not comply with the California Rules of Court, rule 8.155, for augmenting an appellate record. Further, the points and authorities for the motion are not in the record nor is the request for judicial notice. It appears that there was no opposition and no reply briefs filed for the October 12, 2021

motion.  The court ruled on this motion on November 24, 2021, and this order is included in the record.  The trial court denied the motion to vacate.

Marks clarifies in her reply that she appeals from the November 24, 2021 order from her motion to vacate filed on October 12, 2021, and is not challenging any earlier order from any motion to vacate.  She also challenges the judgment.  Dated December 16, 2021, the notice of appeal provides that Marks appeals "From Order Denying Motion To Vacate Order Enforcing Workers Compensation Lien and Judgment."

Finally, even the parties to this appeal are unclear. The National Union Fire Insurance Company of Pittsburgh, Pennsylvania (National Union) claims to be a "Lien Claimant and Respondent" in their cover page for their brief.  Both Verizon and National Union filed a joint brief and shared appellate counsel. In contrast, Marks's cover pages identify the same insurer as a "Real Party in interest."  We find no record of this insurer as a party.  However, we recognize that the record before us is incomplete so it is possible that National Union had some role in the trial court.  Nonetheless, as we explain below, we affirm consistent with the insurer's position on appeal.

## II.    The deficient record precludes meaningful review

We review a trial court's decision to set aside any void judgment or order for abuse of discretion under Code of Civil Procedure section 473, subdivision (d).  (*Cruz v. Fagor America, Inc.* (2007) 146 Cal.App.4th 488, 495.)  "The abuse of discretion standard . . . measures whether, given the established evidence, the act of the lower tribunal falls within the permissible range of options set by the legal criteria."  (*Department of Parks & Recreation v. State Personnel Bd.* (1991) 233 Cal.App.3d 813,

831.) In contrast, we conduct a de novo review when a trial court determines that a judgment is void. (*Cruz v. Fagor America, Inc.*, at p. 495.)

In addition, a judgment or order from a trial court is presumed correct on appeal. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564). An appellant must affirmatively prove error (*Ibid*.) Further, an appellant carries the burden of providing an adequate record to the appellate court. (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187.) As a result, "if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." (*Ibid*.)

Here, the record is fatally incomplete because it does not even include Marks's moving papers. Rather, Marks provides this court with its motion to vacate, filed on September 23, 2021. However, this is not the motion at issue in this appeal, which was filed on October 12, 2021. Instead, Marks claims that the September 23, 2021 motion is "substantially identical" to the one filed on October 12, 2021 but by doing so, Marks concedes that the motion at issue is not in the record. Respondents state that the September 23, 2021 motion and the October 12, 2021 motion are "the exact same motion," with only the notice of motion "being amended to include alternate grounds to challenge the [trial court's] prior orders." In addition, the trial court noted differences in the motions as it indicated that "Plaintiff's motion [to vacate], which is submitted twice, either time citing different authority . . . ." Further confusing the record, Marks's purported notice of motion for the October 12, 2021 filing includes a challenge to the May 25, 2021 order under Code of Civil Procedure section 473. However, on appeal Marks argues that

7

"Appellant has never, repeat, never argued that [Code of Civil Procedure section 473] as a legal bases to vacate the Order of May 25, 2021, or the judgment entered August 24, 2021."

In summary, Marks did not provide this court with the correct moving papers for the order challenged on appeal. Moreover, it is less than clear if another set of moving papers are a mirror image of the October 12, 2021 motion including its supporting documents. Regardless, the record is deficient and frustrates any attempt at review. (See *Foust v. San Jose Construction Co., Inc.*, *supra*, 198 Cal.App.4th at p. 187.)

Marks asserts that the only documents this court requires to evaluate this appeal are the parties' dismissals with prejudice. However, Marks's argument merely proves the point that the record is deficient. Rather, we require a record that would allow us to meaningfully review the propriety of the trial court's rulings. Such a record would include the arguments and facts before the trial court regarding the motion to enforce the lien, the arguments and facts before the court regarding Marks's October 12, 2021 motion to vacate, and sufficient information from the docket to understand the context of any rulings, among other pertinent pieces of information. As evidenced from the truncated and incomplete facts described above, we cannot ascertain the parties to this case, lack key pleadings such as complaints and complaints-in-intervention, and cannot establish the basic facts underlying this suit. We do not have a record to allow a meaningful review, and consequently, the appeal fails. (*Foust v. San Jose Construction Co., Inc.*, *supra*, 198 Cal.App.4th at p. 187.)

## DISPOSITION

The November 24, 2021 order on the motion to vacate and the judgment are affirmed.  Verizon is awarded costs on appeal.


VIRAMONTES, J.

WE CONCUR:


STRATTON, P. J.


GRIMES, J.