Filed 11/6/24  Weiss v. Othman CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| MICHAEL WEISS et al., | |
| Plaintiffs and Respondents, | G062685 |
| v. | (Super. Ct. No. 30-2018-01003632) |
| RAJAI A. OTHMAN et al., | O P I N I O N |
| Defendants and Appellants. | |

Appeal from a judgment of the Superior Court of Orange County, Craig L. Griffin, Judge. Affirmed in part. Reversed in part.

Pacific Premier Law Group and Arash Shirdel for Rajai A. Othman and Amal Othman, Defendants and Appellants.

Siddiqui Law, Omar A. Siddiqui, Ryan A. Gonzales, Imran A. Kamil and Nicole A. Soma for Plaintiffs and Respondents.

\*     \*     \*

This appeal stems from a default judgment entered against defendants Rajai Othman and Amal Othman. They contend the complaint fails to state any causes of action against them and, even if it did, the default judgment is void because it exceeds the amount alleged in the complaint. As we discuss, the complaint fails to allege a cause of action against Amal; the default judgment entered against her therefore must be vacated. We affirm the default judgment entered against Rajai because the complaint alleged several valid causes of action against him, and it put him on notice as to the amount at issue if he failed to defend himself.

## STATEMENT OF FACTS

Plaintiff Michael Weiss owns Weistec Engineering, Inc. (collectively, Weistec), which manufactures car parts and imports luxury cars. Weistec previously employed defendant Mohammad Othman, who is Rajai and Amal's son.[1] While working at Weistec, Mohammad allegedly stole more than $300,000 by generating sales orders from Weistec's customers and then directing those customers to make payments to his personal accounts. Mohammad also created false records in Weistec's system related to these payments. Once Weistec shipped the order, Mohammad deleted evidence of the sales order and payment. Weistec alleged this was part of a conspiracy between Mohammad and Rajai to misappropriate Weistec's funds and property. Weistec alleged Mohammad "diverted [these] funds from [Weistec]

---

[1] As defendants share the same last name, we refer to each by their first names. No disrespect is intended.

2

to his father, [Rajai], and mother, [Amal], in order to conceal his unlawful conduct."

Weistec filed a complaint against Mohammad, Rajai, and Amal. The complaint alleged multiple causes of action including (1) intentional and negligent interference with prospective economic advantage; (2) intentional interference with contractual relations; (3) civil conspiracy; and (4) unlawful and unfair business practices. Weistec named Rajai as a defendant in each of these causes of action, but named Amal only in the civil conspiracy cause of action. Weistec did not pray for a particular amount of damages, only "damages according to proof," punitive damages, fees, and costs. When Rajai and Amal defaulted, the court entered a default judgment against both in the amount of $425,342.46, which represented $300,000 in general damages and prejudgment interest of $125,342.46. The court also ruled Mohammad, Rajai, and Amal were jointly and severally liable.

Rajai and Amal filed a motion to vacate the default judgment claiming it was void because the complaint did not place them on notice as to what specific damages they would owe if they defaulted. The court denied the motion, finding the complaint's allegations that Mohammad stole $300,000 and sent this money to Rajai and Amal were sufficient to put them on notice that they could be liable for that amount as coconspirators.

DISCUSSION

Rajai and Amal argue the court erred in entering the default judgment against them because the complaint alleged wrongdoing by Mohammad, not either of them; as a result, the complaint does not state any cause of action against them. Alternatively, they maintain the default judgment is void because the complaint does not allege they wrongfully

3

received any money, and they were not on notice as a result as to the specific amount of damages sought.

We find the complaint alleges several sustainable causes of action against Rajai; the complaint also put him on notice as to his potential liability as a coconspirator. We therefore affirm the judgment against Rajai. We further find the complaint fails to state a cause of action as to Amal and therefore reverse the judgment against her.

I.

FAILURE TO PLEAD FACTS SUFFICIENT TO STATE A CAUSE OF ACTION

A defaulting defendant admits all properly pleaded allegations in the complaint. (*Kim v. Westmoore Partners, Inc.* (2011) 201 Cal.App.4th 267, 281.) If those allegations do not state a cause of action, a trial court cannot enter a default judgment. (*Id.* at p. 282.) "[I]t is the duty of the court to act as gatekeeper, ensuring that only the appropriate claims get through." (*Heidary v. Yadollahi* (2002) 99 Cal.App.4th 857, 868 (*Heidary*).) A defaulting defendant can challenge the sufficiency of the allegations in the complaint for the first time on appeal. (Code Civ. Proc., § 430.80, subd. (a); *Cedars-Sinai Medical Center v. Superior Court* (1998) 18 Cal.4th 1, 7, fn. 2.) We review the sufficiency of a complaint's factual allegations de novo to determine if they state a cause of action. (*J.W. v. Watchtower Bible & Tract Society of New York, Inc.* (2018) 29 Cal.App.5th 1142, 1162.)

*A.* *The Complaint*

The complaint must contain "[a] statement of the facts constituting the cause of action, in ordinary and concise language." (Code Civ. Proc., § 425.10, subd. (a)(1).) "[T]he complaint need only allege facts sufficient to state a cause of action; each evidentiary fact that might eventually form

4

part of the plaintiff's proof need not be alleged." (*C.A. v. William S. Hart Union High School Dist.* (2012) 53 Cal.4th 861, 872.)

On review, we give the complaint a reasonable interpretation, considering its allegations as a whole. (*Mahan v. Charles W. Chan Ins. Agency, Inc.* (2017) 14 Cal.App.5th 841, 847.) Nonetheless, conclusory allegations will not save a complaint which lacks facts to support a conclusion. (*Swain v. California Casualty Ins. Co.* (2002) 99 Cal.App.4th 1, 8.) Where there are multiple defendants, the complaint must identify which causes of action are alleged as to each defendant. (Cal. Rules of Court, rule 2.112, (3) & (4).)

Weistec alleged the following causes of action: (1) intentional and negligent interference with prospective economic advantage; (2) intentional interference with contractual relations; (3) civil conspiracy; and (4) unlawful and unfair business practices. Weistec named Amal only in the civil conspiracy cause of action.

B.     *Analysis*

Weistec alleged Mohammad and Rajai "conspired to misappropriate the funds and related property of WEISTEC and fraudulently opened multiple credit card merchant accounts and other fraudulent payment accounts." Weistec further alleged Mohammad and Rajai "effectuated the plan of conspiracy by creating sales orders, indicating a customary transaction from WEISTEC, and then collecting payments from WEISTEC's customers . . . ." Finally, Weistec alleged it was harmed by this conduct.

As to Rajai, Weistec alleged sufficient facts to state a cause of action for conspiracy to commit the tort of conversion. Conversion is the unlawful control of another's property. (*Plummer v. Day/Eisenberg, LLP* (2010) 184 Cal.App.4th 38, 50.) A civil conspiracy requires at least two

5

individuals who come ""to a mutual understanding to accomplish a common and unlawful plan, and that one or more of them committed an overt act to further it.'" (*AREI II Cases* (2013) 216 Cal.App.4th 1004, 1022.) Here, Weistec alleged Mohammad and Rajai conspired to misappropriate Weistec's money by generating sales orders from its customers and then directing those customers to pay Mohammad directly.

Rajai and Amal argue civil conspiracy is not a separate cause of action and cannot form the basis for liability since "a civil conspiracy does not give rise to a cause of action unless an independent civil wrong has been committed." We agree. (*Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1062.) When reviewing a complaint to determine the sufficiency of its allegations, we look not at the label given to the cause of action, but to the facts alleged to determine if those facts state a cause of action. (*McBride v. Boughton* (2004) 123 Cal.App.4th 379, 387.)

Rajai and Amal argue Weistec alleged it was Mohammad who created the orders and diverted Weistec's money to his own personal accounts. Thus, since it was Mohammad who committed the wrongful acts and received the ill-gotten gains, they cannot be held responsible. We disagree.

The complaint alleges that Mohammad and Rajai conspired "to misappropriate the funds" which are at issue. Rajai need not personally commit any overt act to be liable as a coconspirator because a civil conspiracy holds each participant jointly responsible ""irrespective of whether or not he was a direct actor and regardless of the degree of his activity.'"" (*Wetherton v. Growers Farm Labor Assn.* (1969) 275 Cal.App.2d 168, 176, disagreed with on other grounds in *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.* (1994) 7 Cal.4th 503.) Weistec's pleading as to Rajai is therefore sufficient to support the judgment against him.

Amal is a different story. The only factual allegation Weistec makes against Amal is that Mohammad, in order to conceal his conduct, diverted funds to her. Weistec does not allege Amal conspired with Mohammad and Rajai to misappropriate these funds, or that she knew Mohammad wrongfully obtained the money. In other words, there is no allegation that Amal entered into an unlawful agreement, or that she committed any overt act in furtherance of such an agreement. Accordingly, Weistec has not alleged a cause of action for conversion, or any other tort, based on a conspiracy theory of liability against Amal. The court therefore erred when it entered a default judgment against her.

## II.

### VOID JUDGMENT

Rajai and Amal contend the default judgment entered against them is void because the amount of the judgment exceeds the amount demanded in the complaint. Again, we disagree as to Rajai.

*A.     Applicable Law*

A trial court cannot enter a default judgment for a sum greater than the amount the plaintiff demanded in the complaint. (Code Civ. Proc., § 580, subd. (a).) A default judgment that awards damages in excess of the demand is void. (*Rodriguez v. Cho* (2015) 236 Cal.App.4th 742, 752 (*Rodriguez*).) The plaintiff need not allege the amount of prejudgment interest. (*Sass v. Cohen* (2019) 32 Cal.App.5th 1032, 1040.) To determine the amount the plaintiff demanded, we review the prayer and the allegations in the body of the complaint. (*People ex rel. Lockyer v. Brar* (2005) 134 Cal.App.4th 659, 667.)

Where there are multiple defendants, the plaintiff's allegations must explain why each defendant is liable, and for what amount. (*Heidary*,

7

*supra*, 99 Cal.App.4th at p. 868.) We must "ascertain[] what relief is sought as against each defaulting party, and to what extent the relief sought in one cause of action is inconsistent with or duplicative of the relief sought in another." (*Ibid.*) "We review de novo [whether] a default judgment is or is not void." (*Rodriguez, supra*, 236 Cal.App.4th at p. 752.)

B.     Analysis

The trial court ordered Mohammad, Rajai, and Amal to jointly and severally pay Weistec $425,342.46, which represented $300,000 in damages plus prejudgment interest of $125,342.46. Weistec alleged Rajai engaged in a civil conspiracy to convert Weistec's funds. Pursuant to this conspiracy, Weistec alleged Mohammad stole $300,000.

Civil conspiracy can serve as the basis for joint and several liability. (*Berg & Berg Enterprises, LLC v. Sherwood Partners, Inc.* (2005) 131 Cal.App.4th 802, 823.) Because "'[e]ach member of the conspiracy [is] liable for all acts done by others pursuant to the conspiracy, and for all damages caused thereby'" the allegations in the complaint put Rajai on notice that, as a member of such a conspiracy, he could be liable for $300,000 in damages if he defaulted. (*Favila v. Katten Muchin Rosenman LLP* (2010) 188 Cal.App.4th 189, 206.) The trial court did not err in entering that judgment.

The same analysis does not apply to Amal. As discussed above, the complaint fails to allege that she conspired with anyone to misappropriate funds. The trial court therefore erred when it found she was jointly and severally liable for the alleged misappropriation of funds and thereafter entered a default judgment against her.

8

### III.

#### ABUSE OF THE COURT'S DISCRETION

Rajai and Amal argue the court abused its discretion in denying the motion to vacate because the amount of the judgment exceeded the amount outlined in the complaint. A trial court may set aside a *void* judgment. (Code Civ. Proc., § 473, subd. (d).) But as we explained above, the default judgment entered against Rajai is not void. Therefore, the trial court "ha[d] no statutory power under section 473, subdivision (d) to set [it] aside . . . . " (*Cruz v. Fagor America, Inc.* (2007) 146 Cal.App.4th 488, 495-496.)

#### DISPOSITION

We reverse the judgment as to Amal. As to Rajai, the judgment is affirmed. In the interest of justice, all parties shall bear their own costs on appeal.



GOETHALS, ACTING P. J.

WE CONCUR:


MOTOIKE, J.


GOODING, J.

9