Filed 12/22/25  Truong v. Wong CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| DAI TRUONG et al., | H052564 |
| Plaintiffs and Respondents, | (Santa Clara County Super. Ct. No. 16CV300709) |
| v. | |
| KEITH TAI WONG, | |
| Defendant and Appellant. | |

Respondents Dai Truong and Sally Kim, a married couple (collectively, respondents), hired TWA Construction, Inc. (TWA) to build a house and bridge on Kim's Los Gatos property.  A lawsuit ultimately arose out of that project, and respondents obtained a judgment in their favor against TWA in February 2018.  That corporation was owned and controlled by appellant Keith Tai Wong (Wong).  Later in 2018, TWA filed for Chapter 7 bankruptcy protection.  In March 2019, respondents filed a motion to add Wong as a judgment debtor based upon the allegation that he was TWA's alter ego.  The motion was granted in July 2019, and a second amended judgment naming Wong as a defendant was filed shortly thereafter.  Wong's motion for reconsideration of the order granting the motion to amend judgment and the entry of the second amended judgment was denied in November 2019.

In June 2024, Wong filed a motion to vacate judgment under Code of Civil Procedure sections 473, subdivision (d) (§ 473(d)), contending that the judgment entered

against him was void due to lack of proper service.[1] Respondents opposed the motion. The court denied the motion to vacate in September 2024.

Wong argues on appeal that the trial court erred because the record demonstrated that he was never personally served with respondents' motion to amend judgment to add him as a judgment debtor as TWA's alter ego; therefore, the court never assumed personal jurisdiction over him. Wong also contends that the court relied on improper factors in denying his motion to vacate judgment, including his failure to explain the delay in bringing the motion.

We conclude that the trial court did not err in denying Wong's motion to vacate judgment. Accordingly, we will affirm the order.

## I.     PROCEDURAL BACKGROUND

### A.     Prior Appeal by TWA

TWA filed an appeal of the judgment entered against them in February 2018. This court affirmed the judgment on May 13, 2022. (See *Kim v. TWA Construction, Inc.* (2022) 78 Cal.App.5th 808 (*Kim*).)[2]

### B.     Underlying Dispute

Kim, who is married to Truong, bought real property in a wooded area of Los Gatos. Respondents intended to build a home and a bridge on the property, and they hired Wong's company, TWA, as general contractor. As part of the initial work, they planned to have TWA remove a large eucalyptus tree that they believed was entirely on their property. TWA hired a subcontractor for the work, but Wong did not check to

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise stated.

[2] Respondents, in the present appeal, have filed a request that we take judicial notice of: (a) the opinion in *Kim*, *supra*, 78 Cal.App.5th 808; (b) 11 other documents filed in the *Kim* appeal; (c) bankruptcy filings pertaining to TWA as debtor; and (d) a record from the California Secretary of State's officer pertaining to TWA. We grant respondents' request for judicial notice. Many of the background facts stated herein are derived from the opinion in *Kim*.

2

determine whether the individual was licensed. The tree removal commenced in September 2015, but ceased when a neighbor, Joan Todd (Todd), told the workers to stop because the tree was partially on her property.

### C. The Lawsuit

In October 2016, Todd filed a complaint against her neighbors, respondents, alleging claims for negligence, trespass and other claims relating to the work on the eucalyptus tree. Todd later added TWA as a defendant. Respondents cross-complained against TWA, asserting, inter alia, they were entitled to indemnity from TWA in the amount of any future judgment or settlement respondents might be required to pay to Todd. TWA cross-complained against respondents for breach of their construction contract[3] and indemnity.

The case proceeded to jury trial in two phases—trial on the complaint followed by trial on the cross-complaints. Before verdict, respondents settled Todd's claims for $50,000 in exchange for a general release and dismissal and Todd's permission to remove the tree. After verdict on the cross-complaints, the court entered judgment on February 6, 2018, in accordance with the verdict: (a) finding that TWA was 100 percent negligent and at fault in causing Todd's harm; (b) awarding $18,196 in favor of respondents against TWA on their negligence and indemnity claims; (c) ordering TWA to pay Kim $10,000, the amount paid by respondents to TWA for tree work performed by TWA's unlicensed contractor; (d) finding in favor of Kim on TWA's cross-complaint for breach of contract; (e) awarding respondents reasonable costs as the prevailing parties; and (f) awarding Kim reasonable attorney fees and expert expenses pursuant to the terms of the construction agreement. In postjudgment proceedings, the court awarded Kim attorney fees of

---

[3] Respondents terminated their construction contract before substantial work was done, advising Wong that they had been unable to obtain a construction loan using TWA as general contractor. Respondents later hired another contractor.

3

$137,821 and expert fees of $22, 505.16, and awarded respondents statutory costs of $18,273.59.

### D.     Motion to Amend Judgment[4]

On March 28, 2019, respondents filed a motion to amend judgment under section 187 to add Wong as a judgment debtor based on there being a unity of interest between TWA and Wong such that he was the alter ego of the corporation.  As factual grounds in support of the motion to amend, respondents alleged, inter alia, that Wong: (1) exerted sole control of the litigation on behalf of TWA; (2) identified himself in papers filed in TWA's bankruptcy proceedings as the sole individual responsible for TWA's duties and obligations; (3) stated in TWA's bankruptcy that he was the sole officer, director, and shareholder of TWA; (4) stated in TWA's bankruptcy that TWA had no gross revenues for 2017 and 2018, and that the corporation had no owned or leased machinery, equipment, or vehicles; (5) had served as the sole officer and director of TWA since its incorporation; (6) was the sole person ever associated with the contractor's license issued to TWA; and (7) listed his home address in papers filed with the Secretary of State and the bankruptcy court as the place of business of TWA.

The motion was originally noticed for hearing on May 14, 2019.  The motion and accompanying papers were served on Wong by mail on March 28, 2019, at two addresses:  property located on South Tantau Avenue, Cupertino, California 95104 (the Tantau Address); and property located on North San Tomas Aquino Road, Campbell, California 95008 (the San Tomas Aquino Address).  On the hearing date originally noticed, Wong's daughter appeared and advised the court that Wong was out of the

---

**4** On our own motion, we take judicial notice of the following documents, which were attached as exhibits (with page numbers as indicated) to respondents' motion to augment the record filed April 7, 2025:  (1) judgment filed February 6, 2018 (pp. 7-9); (2) substitution of attorneys for TWA by Jeffrey Tuan dated December 20, 2018 (p. 15); and (3) motion to amend judgment filed March 28, 2019 (pp. 16-17).  (See Evid. Code, §§ 452, 459, subd. (a).)

country.  The court ordered the motion off calendar without prejudice.  It recited that there was no proof of service of the motion upon attorney Jeffrey W. Tuan, who had substituted as counsel for TWA in December 2018.[5]  On May 14, 2019, respondents served the motion on Tuan by mail at his place of business and Wong by mail at both the Tantau Address and the San Tomas Aquino Address.  The motion was also served by e-mail on both Tuan and TWA.  The hearing on respondents' motion was rescheduled to July 25, 2019.

On July 24, 2019—the day before the hearing—opposition to the motion to amend judgment was filed with the court.  The memorandum of points and authorities was signed by Wong as "Representative of TWA," but it was styled as having been filed by TWA.[6]  Wong also submitted his declaration with the opposition, which he signed under penalty of perjury.  Wong did not indicate in the opposition or accompanying declaration that service of the motion was defective.  Rather, Wong opposed the motion on its merits.[7]

Respondents' motion to amend the judgment was heard on July 25, 2019.  Wong did not appear personally.  However, as reflected in the minute order, "Counsel Jeffrey Tuan specially appear[ed] on behalf of defendant/[c]ross.  [He] state[d] that the defendant [was] presently in Taiwan and filed an objection to the motion."  The court indicated that the "objection" to the motion was not timely filed.  The court granted the motion to

---

[5] The record includes a substitution of attorneys form, not endorsed-filed by the court, dated December 20, 2018, substituting Tuan as counsel for TWA.

[6] We note, of course, that a corporation is an artificial entity that cannot represent itself in litigation; it can only appear through a representative licensed to practice law. (See *Merco Constr. Engineers, Inc. v. Municipal Court* (1978) 21 Cal.3d 724, 729-730 (*Merco Constr. Engineers*).)

[7] The opposition was not served on respondents' counsel until after the hearing, on July 28, 2019.

5

amend the judgment to add Wong as alter ego judgment debtor. A formal order granting the motion was filed on July 26, 2019.

A second amended judgment was filed on August 5, 2019, amending nunc pro tunc the original February 6, 2018 judgment to include Wong as a judgment debtor. Wong did not appeal either the order amending judgment or the second amended judgment.

On August 13, 2019, a motion to reconsider the prior order granting amendment of the judgment was purportedly filed on behalf of TWA. The motion included a memorandum of points and authorities and a declaration, both signed by Wong.[8] Wong did not specify the existence of any "new or different facts, circumstances, or law" upon which the motion to reconsider was based, as required under section 1008, subdivision (a). Rather, Wong's motion to reconsider was an apparent duplication of the text from Wong's opposition to the motion to amend judgment. Wong did *not* assert in his motion to reconsider that service of the motion to amend judgment was improper. Respondents opposed the motion to reconsider. On November 18, 2019, an order was filed denying Wong's motion for reconsideration.[9]

### E. Intervening Appellate and Bankruptcy Proceedings

After TWA's filing of an appeal of the February 2018 judgment, on August 1, 2018, TWA filed a Chapter 7 petition with the United States Bankruptcy Court. The petition, signed by Wong as authorized representative, listed the San Tomas Aquino

---

[8] The motion was filed by TWA, purportedly as a self-represented litigant. This filing was improper. (See fn. 6, *ante*.) Additionally, the "declaration" signed by Wong was not a proper declaration under California law, because it did not contain the jurat specified by section 2015.5.

[9] On May 27, 2025, Wong filed a motion to strike respondents' brief and for sanctions. He contended that respondents made "multiple material misstatements of fact" in their brief. Nearly all of the alleged misstatements specified by Wong related to the motion to amend judgment and Wong's motion to reconsider. We hereby deny Wong's motion to strike respondents' brief and motion for sanctions.

Address as TWA's principal place of business. Thereafter, upon application by the debtor, the bankruptcy court issued an order appointing and designating Wong as the individual responsible for the duties and responsibilities of the debtor, TWA. On September 24, 2018, the bankruptcy court issued an order discharging the February 2018 judgment entered against TWA.

In June 2021, TWA filed a motion to substitute Wong as appellant in the TWA appeal. It was recited in the motion that respondents had obtained a second amended judgment on August 5, 2019, naming Wong as a judgment debtor nunc pro tunc. This court granted the motion to substitute Wong as appellant.

### F. Motion to Vacate Judgment

On June 14, 2024, Wong, as a self-represented litigant, filed a motion to vacate the second amended judgment that had named Wong as a judgment debtor nunc pro tunc. The motion to vacate was filed pursuant to section 473(d). Wong did not submit a declaration with his motion. Wong argued that because respondents' motion to amend judgment was not personally served upon him, the order amending the judgment and the filed second amended judgment were void. Respondents opposed Wong's motion.

After hearing argument on August 6, 2024, the trial court denied Wong's motion to vacate the judgment. A formal order denying Wong's motion was filed on September 10, 2024. In its order, the court determined that Wong, as "moving party[,] ha[d] not met his burden and no good cause ha[d] been shown."

Wong filed a notice of appeal from the order denying his motion to vacate judgment.

## II. DISCUSSION

### A. Motion to Amend Judgment to Add Alter Ego Defendants

The trial court has the authority under section 187 "to amend a judgment to add additional judgment debtors. [Citations.] As a general rule, [this may be accomplished] '. . . at any time so that the judgment will properly designate the real defendants.'

7

[Citations.] Judgments may be amended to add additional judgment debtors on the ground that a person or entity is the alter ego of the original judgment debtor. [Citations.] '. . . " 'Such a procedure is an appropriate and complete method by which to bind new . . . defendants where it can be demonstrated that in their capacity as alter ego of the corporation they in fact had control of the previous litigation, and thus were virtually represented in the lawsuit.' . . . " . . . ' [Citation.]" (*Hall, Goodhue, Haisley & Barker, Inc. v. Marconi Conf. Center Bd.* (1996) 41 Cal.App.4th 1551, 1554-1555.) "[A]mending a judgment to add an alter ego does not add a new defendant but instead inserts the correct name of the real defendant. [Citations.]" (*Misik v. D'Arco* (2011) 197 Cal.App.4th 1065, 1072-1073 (*Misik*).) Procedurally, adding a defendant to the judgment under an alter ego theory "contemplates a noticed motion." (*Wells Fargo Bank, N.A. v. Weinberg* (2014) 227 Cal.App.4th 1, 9.)

Although " '[t]here is no litmus test to determine when the corporate veil will be pierced' " (*Baize v. Eastridge Companies, LLC* (2006) 142 Cal.App.4th 293, 302), there are two prerequisites for establishing alter ego liability. "[(1) T]here must be 'such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist.' [Citation.] . . . [(2) I]t must be demonstrated that 'if the acts are treated as those of the corporation alone, an inequitable result will follow.' [Citation.]" (*NEC Electronics Inc. v. Hurt* (1989) 208 Cal.App.3d 772, 777.) A motion to amend to add an alter ego of the judgment debtor as a defendant "is an equitable procedure." (*Id.* at p. 778.) As such, it applies the alter ego doctrine, which "is an equitable principle that elevates substance over form in order to prevent an inequitable result arising from unjustifiably observing a corporation's separate existence. [Citation.]" (*Atempa v. Pedrazzani* (2018) 27 Cal.App.5th 809, 824.)

In applying the alter ego doctrine, " '[n]o single factor is determinative, and instead a court must examine all the circumstances to determine whether to apply the doctrine. [Citation.]' [Citation.]" (*Zoran Corp. v. Chen* (2010) 185 Cal.App.4th 799,

8

812.)  "Among the many factors to be considered in applying the doctrine are one individual's ownership of all stock in a corporation; use of the same office or business location; commingling of funds and other assets of the individual and the corporation; an individual holding out that he is personally liable for debts of the corporation; identical directors and officers; failure to maintain minutes or adequate corporate records; disregard of corporate formalities; absence of corporate assets and inadequate capitalization; and the use of a corporation as a mere shell, instrumentality or conduit for the business of an individual.  [Citation.]  This list of factors is not exhaustive, and these enumerated factors may be considered with others under the particular circumstances of each case."  (*Misik*, *supra*, 197 Cal.App.4th at p. 1073.)

## B. Motion for Relief Under Section 473(d)

In moving to vacate the second amended judgment, Wong relied upon section 473(d), which provides that "[t]he court . . . may, on motion of either party after notice to the other party, set aside any void judgment or order."

The procedure an aggrieved party must employ in seeking to set aside a void judgment depends on whether the judgment is void on its face or may be proven void from extrinsic evidence.  (See *Pittman v. Beck Park Apartments Ltd.* (2018) 20 Cal.App.5th 1009, 1020.)  As explained by the Fourth District Court of Appeal:  "This distinction may be important in a particular case because it impacts the procedural mechanism available to attack the judgment, when the judgment may be attacked, and how the party challenging the judgment proves that the judgment is void.  [¶] . . . [¶]  A judgment that is void on the face of the record is subject to either direct or collateral attack at any time.  [Citations.]  To prove that the judgment is void, the party challenging the judgment is limited to the judgment roll, i.e., no extrinsic evidence is allowed. [Citations.  ¶  In contrast, a judgment that is valid on the face of the record is generally *not* subject to collateral attack.  [Citations.]  In other words, a judgment that is valid on the face of the record must be challenged by direct attack, such as a motion in the original

9

action, an appeal in the original action, or an independent equitable action. [Citation.] A judgment valid on the face of the record may be set aside under Code of Civil Procedure section 473, subdivision (b) within a reasonable time after the party learns of the judgment, or it may be set aside in an independent equitable action without time limit. [Citations.] Extrinsic evidence, i.e., evidence outside the judgment roll, may be presented on direct attack of a judgment that is valid on the face of the record to rebut the presumption that the judgment is valid. [Citations.]" (*OC Interior Services, LLC v. Nationstar Mortgage, LLC* (2017) 7 Cal.App.5th 1318, 1326-1328, fns. omitted, original italics (*OC Interior Services*).)

The statutory language—i.e., "[t]he court *may* . . . set aside any void judgment of order" (§ 473(d), italics added)—"makes it clear that a trial court retains discretion to grant or deny a motion to set aside a void judgment [or order]." (*Cruz v. Fagor America, Inc.* (2007) 146 Cal.App.4th 488, 495 (*Cruz*).) It is also the case "that even if the trial court determines the order or judgment was void, it still retains discretion to set the order aside or allow it to stand. [Citations.]" (*Nixon Peabody LLP v. Superior Court* (2014) 230 Cal.App.4th 818, 822 (*Nixon Peabody LLP*).) Thus, "[t]he reviewing court generally faces two separate determinations when considering an appeal based on section 473, subdivision (d): whether the order or judgment is void and, if so, whether the trial court properly exercised its discretion in setting it aside. Evaluating an order or judgment as void is a question of law, reviewed de novo. [Citation.]" (*Ibid.*) If the order or judgment is void, that appellate court then reviews the trial court's decision either setting aside or refusing to set aside the judgment or order for abuse of discretion. (See *ibid.*) But if the order or judgment is not, in fact void, the appellate court "need not reach the question of whether the trial court abused its discretion because the [order] is not void." (*Ibid.*, fn. omitted.)

## C. Wong's Burden of Establishing Error

Two guiding principles of appellate review are that the judgment or appealed order is presumed to be correct, and that the burden is on the appellant to demonstrate by an adequate record that the trial court committed prejudicial error. As the California Supreme Court has explained: "[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment. [Citations.] 'This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' [Citations.] 'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court. "[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented." ' [Citation.] ' "A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' [Citation.]" (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609 (*Jameson*).)

## D. No Error in Denial of Motion to Vacate Judgment

### 1. Parties' Contentions

Wong raises three arguments in support of his contention that the trial court erred in denying his motion to vacate judgment. First, he asserts that he was never personally served with respondents' motion to amend judgment, and therefore the trial court never established personal jurisdiction over him as an individual. Second, Wong contends that the trial court erred in denying the motion purportedly on the basis that he failed to explain his years-long delay in filing the motion to vacate. He argues that section 473(d) prescribes no time limit for filing a motion to vacate a void judgment. Third, he contends

11

that the court erroneously denied the motion based on Wong's having received actual notice of respondents' motion to amend judgment.

Respondents present four arguments in support of their position that Wong's appeal is without merit. First, they contend that Wong, through his voluntary individual substitution as an appellant in *Kim*, is judicially estopped to challenge the trial court's personal jurisdiction over him. Second, Wong waived any notice defects with respect to the 2019 motion to amend judgment by appearing and opposing the motion. Third, Wong received actual notice of the motion to amend judgment, and the trial court assumed personal jurisdiction over him. Fourth, it was proper for the trial court, in ruling on the motion to vacate judgment, to consider Wong's lack of diligence in filing the motion.

### 2. Trial Court Assumed Personal Jurisdiction Over Wong

#### a. Whether Motion to Amend Was Properly Served

Wong's central challenge to the denial of his motion to vacate judgment is the alleged lack of proper service upon him of respondents' motion to amend judgment. The record shows[10] that respondents purportedly served Wong by mail on March 28, 2019, at the Tantau Address and the San Tomas Aquino Address. After the motion was ordered off calendar, respondents purportedly served Wong by mail again at the two addresses on May 14, 2019, and also served Wong by e-mail. There is no record that respondents ever

---

[10] Respondents argued below that Wong's motion to vacate judgment should be denied due to his failure to establish solely from the judgment roll that the judgment was void. (See *OC Interior Services, supra*, 7 Cal.App.5th at pp. 1326-1328.) Respondents have not renewed this argument on appeal, and it is therefore deemed abandoned. (See *Mata v. City of Los Angeles* (1993) 20 Cal.App.4th 141, 148, fn. 5 [appellate court "need not address" respondents' contention made in the trial court but abandoned on appeal].) We will assume that the factual matters concerning service of the motion to amend relied on by Wong are reflected in the judgment roll.

personally served Wong, individually, with the summons and complaint or the motion to amend judgment.

Wong asserts that because he was not personally served with respondents' motion to amend judgment, the order granting the motion and the subsequent entry of the second amended judgment adding Wong as a judgment debtor were void. The threshold issue thus presented is this: What constitutes proper service of a motion to amend to add a nonparty as a judgment debtor as the alter ego of the defendant against whom judgment was previously entered? Neither party offers legal authority on this question.

As appellant, Wong bears the burden of showing error that warrants reversal of the judgment or appealable order. (See *Jameson*, *supra*, 5 Cal.5th at pp. 608-609.) Because of his failure to provide legal authority supporting the central proposition that respondents' service was defective due to their failure to personally serve Wong with the motion to amend judgment, we deem his position abandoned. (See *People ex rel. 20th Century Ins. Co. v. Building Permit Consultants, Inc.* (2000) 86 Cal.App.4th 280, 284 [where appellants' discussion of contention was "conclusory and fail[ed] to cite any authority to support the claim. . . [s]uch a presentation amount[ed] to an abandonment of the issue"].) Nevertheless, this issue involves a question of law, and it would therefore be within our discretion to consider the legality of service of the motion to amend judgment upon Wong. (Cf. *In re Abram L.* (2013) 219 Cal.App.4th 452, 462 [reviewing court has discretion to consider pure questions of law raised for the first time on appeal].) However, we decline to do so because of our conclusion, *post*, that even if service of the motion to amend were defective, the trial court acquired personal jurisdiction over Wong because he made a general appearance in the action.

13

### b. Personal Jurisdiction Over Wong

We assume without deciding for purposes of this appeal that respondents' service of the motion to amend judgment on Wong was defective. Based upon that assumption, we nonetheless agree with respondents that Wong made a general appearance in the case, and the trial court assumed personal jurisdiction over him in the action. This holding is dispositive to our conclusion that the trial court did not err in denying Wong's motion to vacate the second amended judgment.

As was explained by the Second District Court of Appeal (Division 3): "A court acquires personal jurisdiction over a party that makes a general appearance in an action even if no summons is served on that party. [Citation.] Section 1014 lists several acts that constitute an appearance by a defendant (i.e., filing an answer, demurrer, motion to strike, motion to transfer, etc.), but the list is nonexclusive. [Citation.] A party may make a general appearance in an action by ' "various acts which, under all of the circumstances, are deemed to confer jurisdiction of the person. [Citation.] What is determinative is whether defendant takes a part in the particular action which in some manner recognizes the authority of the court to proceed." [Citation.]' [Citation. ¶] A party whose participation in an action is limited to challenging the court's personal jurisdiction does not make a general appearance. Other forms of participation, however, *such as seeking affirmative relief or opposing a motion on the merits*, ordinarily constitute a general appearance. [Citations.] Even a nonparty that is not named in the pleadings makes a general appearance and submits to the court's personal jurisdiction by participating in the proceedings in such a manner. [Citation.]" (*Serrano v. Stefan Merli Plastering Co., Inc.* (2008) 162 Cal.App.4th 1014, 1028-1029 (*Serrano*), italics added; see also *Fireman's Fund Ins. Co. v. Sparks Construction, Inc.* (2004) 114 Cal.App.4th

14

1135, 1145 [" '[a] general appearance by a party is equivalent to personal service of summons on such party' " and " '[a] general appearance operates as a consent to jurisdiction of the person, dispensing with the requirement of service of process, and curing defects in service' "].)

Furthermore, " '[i]t is well settled that the appearance of a party at the hearing of a motion and his or her opposition to the motion on its merits is a waiver of any defects or irregularities in the notice of motion. [Citations.] This rule applies even when no notice was given at all. [Citations.] Accordingly, a party who appears and contests a motion in the court below cannot object on appeal or by seeking extraordinary relief in the appellate court that he had no notice of the motion or that the notice was insufficient or defective.' " (*Carlton v. Quint* (2000) 77 Cal.App.4th 690, 697.)

Here, in concluding that Wong made a general appearance, we need look no further than Wong's substantial opposition (memorandum and declaration) *on the merits* filed on July 24, 2019, the day before the hearing on respondents' motion to amend judgment. In his memorandum of points and authorities, besides presenting background concerning his dispute with respondents that was the subject of the underlying lawsuit, and providing procedural background concerning the motion to amend, Wong: (1) acknowledged that the law permitted amending a judgment to add the alter ego of the named judgment debtor; (2) argued that respondents did not establish a unity of interest and ownership between Wong and TWA; (3) denied that he operated TWA from the San Tomas Aquino Address, denied that he lived there, but admitted he owned the property; (4) responded to allegations that there had been a commingling of TWA's and Wong's assets; (5) admitted that TWA was undercapitalized but stated that "[i]t should not be surprising or the least bit odd that TWA had little to no revenue"; (6) apparently claimed that, based upon a Zillow appraisal, the value of the Los Gatos property after the removal of the eucalyptus tree had increased by more than $3.5 million; and (7) asserted

15

that granting the motion to amend "to add Keith Tai Wong as a judgment debtor based on theory of alter ego would be an injustice." In his accompanying declaration, Wong attached various documents (e.g., e-mails, excerpts of deposition and trial transcripts, creditors' list filed in bankruptcy court, contractor's license). Wong *did not* indicate in the opposition or accompanying declaration that service of the motion was defective, that he never received respondents' motion,[11] or that the court had no jurisdiction over him. Rather, Wong opposed the motion on its merits. (See *Serrano*, *supra*, 162 Cal.App.4th at p. 1029 ["opposing a motion on the merits[] ordinarily constitute[s] a general appearance"].)

Wong suggests that his opposition to respondents' motion should be disregarded as a general appearance because it was purportedly *filed by TWA*, not Wong, and he simply "participated in that motion by filing a supporting declaration. . . ." Wong signed the memorandum of points and authorities in opposition to respondents' motion as "Representative of TWA *Construction*, Inc." but he styled it as having been filed on behalf of TWA. Wong also signed his declaration under penalty of perjury identifying himself as "the representative for TWA Construction, Inc." As we have observed (see fn. 6, *ante*), TWA could not legally file the opposition as it purportedly did because it was an artificial entity without capacity to represent itself in litigation; it could only appear through an authorized representative licensed to practice law. (See *Merco Constr. Engineers, supra*, 21 Cal.3d at pp. 729-730.) As a general proposition, the law favors substance over form. (Civ. Code, § 3528; see also *Hudson v. Superior Court* (2017) 7 Cal.App.5th 999, 1011 [considering substance over form, the "trial court may disregard the caption of a motion and instead treat it in accordance with the relief it requests"]; *Weintraub v. Weingart* (1929) 98 Cal.App. 690, 699-700 [court considers substance over

---

[11] To the contrary, in his memorandum in opposition to respondents' motion, Wong stated: "On July 8, 2019, Keith Tai Wong was served notice of Plaintiffs' Motion and This Hearing set for July 25, 2019."

16

form to conclude that instrument constituted a lease assignment].) Here, we conclude that, because Wong signed the opposition memorandum and declaration, and TWA had no legal authority to file the pleadings on its own behalf (see *Merco Constr. Engineers, supra*, at pp. 729-730), the opposition in substance was filed by Wong individually. We therefore reject Wong's argument that his filing of opposition to respondents' motion— which he improperly styled as TWA's opposition—did not constitute his general appearance in the litigation. (See *Serrano, supra*, 162 Cal.App.4th at pp. 1028-1029.)

Wong's general appearance in the action below is confirmed further by his filing of a motion to reconsider the prior order granting amendment of the judgment. While the motion papers—a memorandum of points and authorities and a declaration—were purportedly filed on behalf of TWA, both documents were signed by Wong. Wong's motion to reconsider—an apparent duplication of the text from Wong's opposition to the motion to amend judgment—addressed the merits of respondents' prior motion to amend judgment. Wong did *not* assert in his motion to reconsider that service of the motion to amend was improper was defective, that he never received respondents' motion, or that the court had no jurisdiction over Wong. The motion to reconsider was a "form[] of participation, . . . such as seeking affirmative relief . . . ordinarily constitute[ing] a general appearance. [Citations.]" (*Serrano, supra*, 162 Cal.App.4th at p. 1029.)

Wong argues that he did not file the motion to reconsider; it was *TWA* that filed the motion. To the contrary, in the order denying Wong's motion to reconsider, the court recited that "Judgment Debtor Keith Tai Wong appeared In Pro Per," and "[h]aving considered the motion, supporting declarations, evidence submitted and oral arguments, the Court **DENIES** Judgment Debtor, Keith Tai Wong, aka Tai Wong's Motion to Reconsider." (Original boldface.) Again, TWA *could not legally file* the motion to reconsider because, as a corporation, it could not represent itself as a corporation or through a representative who was not a licensed attorney. (See *Merco Constr. Engineers, supra*, 21 Cal.3d at pp. 729-730.) Prioritizing substance over form (see Civ. Code,

17

§ 3528), we find that the motion to reconsider, in substance, was filed by Wong as an individual. Therefore, Wong's contention that his filing of the motion to reconsider did not confirm further his general appearance in the action is without merit.

"A general appearance occurs when the defendant takes part in the action or in some manner recognizes the authority of the court to proceed. [Citations.]" (*Dial 800 v. Fesbinder* (2004) 118 Cal.App.4th 32, 52.) Wong's filing of opposition to respondents' motion to amend judgment, and his subsequent filing of a motion to reconsider, constituted a general appearance in the action. (See *id.* at p. 54 [dismissed parties' subsequent motion for prevailing-party attorney fees was "a request for affirmative relief . . . [and] they [were] deemed to have generally appeared and submitted to the court's jurisdiction"]; see also *Alioto Fish Co. v. Alioto* (1994) 27 Cal.App.4th 1669, 1688-1689 [filing opposition papers on the merits to fee and receiver orders as well as a sanctions motion constituted general appearance].) Therefore, even assuming without deciding that Wong was not properly served with respondents' motion to amend judgment, the court acquired jurisdiction over Wong by reason of his general appearance in the action. (See *Serrano*, *supra*, 162 Cal.App.4th at p. 1028.)

### 3. *Delay in Filing of Motion to Vacate Judgment*

Wong contends that the court erroneously denied his motion to vacate judgment "because he had offered no excuse for the five years[*] delay in bringing his motion." He asserts that a motion to vacate a void judgment under section 473(d) may be brought at any time, and thus the timing for the filing of his motion should not have been the basis for its denial.

Wong is correct insofar as the law being clear that a motion to set aside a void judgment is not subject to specific time limitations. " ' "[A] judgment or order that is invalid on the face of the record . . . may be set aside on motion, with no limit on the time

18

within which the motion must be made." ' [Citation.]" (*California Capital Ins. Co. v. Hoehn* (2024) 17 Cal.5th 207, 215.)

Respondents cite *Cruz*, *supra*, 146 Cal.App.4th 488 and *Ludka v. Memory Magnetics International* (1972) 25 Cal.App.3d 316 (*Ludka*) in support of their position that "[d]iligence is an essential ingredient of a motion for relief under [section] 473." Both cases are inapposite.

In *Cruz*, the trial court granted the defendant's motion to set aside default and default judgment on two grounds: under section 473(d) because of defective service of the summons and complaint; and based upon extrinsic mistake preventing the defendant from defending the merits of the suit. (*Cruz*, *supra*, 146 Cal.App.4th at pp. 494-495; see *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 981 (*Rappleyea*) ["a trial court may . . . vacate a default on equitable grounds even if statutory relief is unavailable"].) The *Cruz* court held that the trial court's grant of relief under section 473(d) was error because the out-of-state defendant had been properly served. (*Cruz*, *supra*, at p. 502.) The court did not address the defendant's diligence in considering the motion under section 473(d). The court addressed the defendant's lack of diligence only in the context of the alternative ground of the court's order, extrinsic mistake (*Cruz*, *supra*, at pp. 506-507), under which a party may seek equitable relief from default upon a showing it has a meritorious case, shows a satisfactory excuse for the default, and diligence in seeking relief from default after its discovery. (See *Rappleyea*, *supra*, at p. 982.)

In *Ludka*, *supra*, 25 Cal.App.3d at page 319, the defendant appealed from the denial of his motions for relief from default and default judgment, urging that he had not been properly served. Although the parties relied on section 473 (*Ludka*, *supra*, at p. 319), the defendant did not assert that the judgment should be vacated because it was void. The appellate court rejected the defendant's challenge, concluding that the trial court could have concluded that service was proper. (*Id.* at p. 321.) The court observed

19

that the trial court could have noted the defendant's failure to explain a delay in filing a motion for relief of more than three months after its counsel became aware of the default. (*Ibid*.)  The *Ludka* court stated:  "Diligence is an essential ingredient of a motion for relief under section 473.  'Courts do not relieve litigants from the effects of mere carelessness.  Defendant has not cited, nor has independent research disclosed, any case in which a court has set aside a default where, in making application therefor, there has been an unexplained delay of anything approaching three months after full knowledge of the entry of the default.'  [Citation.]"  (*Id.* at pp. 321-322, quoting *Benjamin v. Dalmo Mfg. Co.* (1948) 31 Cal.2d 523, 529 (*Benjamin*).)  We note that in *Benjamin*, the defendant's "motion for relief under section 473 . . . was made on the ground that the 'default and the . . . default judgment were entered through the mistake, inadvertence, surprise and excusable neglect of the defendant and its officers. . . .' "  (*Id.* at p. 526.)  In its discussion of the defendant's diligence, the *Benjamin* court stated:  "The significance of this [three-plus month] 'time lag' stems from the provision of section 473 . . . that application for relief thereunder 'must be made *within a reasonable time*, in no case exceeding six months, . . .' (Emphasis added.)"  (*Id.* at p. 528.)  *Ludka* provides no support for respondents' position regarding diligence in bringing a motion to vacate void judgment under section 473(d).

Nonetheless, Wong's premise that the court denied the motion *because* Wong delayed in filing his motion is unsupported by the record.  The language of the court's order upon which Wong apparently relies is:  "There was also no explanation as to why Mr. Wong waited 5 years to bring this motion and nothing he presented provides the Court with any reason to grant this motion."  As an appellate court, we apply "the general rule 'that a trial court is presumed to have been aware of and followed the applicable law. [Citations.]'  [Citations.]  This rule derives in part from the presumption of Evidence Code section 664 'that official duty has been regularly performed.' "  (*People v. Stowell*

20

(2003) 31 Cal.4th 1107, 1114 (*Stowell*).) We also apply the principle that "[a] ruling by a trial court is presumed correct, and ambiguities are resolved in favor of affirmance. [Citations.]" (*Winograd v. American Broadcasting Co.* (1998) 68 Cal.App.4th 624, 631-632 (*Winograd*).) Acknowledging these principles, we reject Wong's contention that, based upon the quoted language of the order, the trial court denied the motion to vacate judgment *because of* Wong's delay in its filing.

Moreover, even were we to assume Wong's premise to be correct, it would not support reversal. As an appellate court, "[w]e are not bound . . . by the trial court's stated reasons, since we review the ruling, not its rationale. [Citation.]" (*Creighton v. Regents of University of California* (1997) 58 Cal.App.4th 237, 243 (*Creighton*); see also *Burnett v. Chimney Sweep* (2004) 123 Cal.App.4th 1057, 1065 [appellate court " 'review[s] the trial court's disposition of the matter, not its reasons for the disposition' "].) Here, the core of Wong's position that the second amended judgment should have been set aside by the trial court—that service of respondents' motion to amend was deficient and thus the order granting the motion was void—is undermined by his general appearance in the action. Accordingly, regardless of its stated reasons, the court did not err in its denial of Wong's motion to vacate judgment. (See *Creighton*, *supra*, at p. 243.)

### 4. *Actual Notice of Motion to Amend Judgment*

Wong contends that the court erroneously denied the motion based on Wong's having received actual notice of respondents' motion to amend judgment. This contention is without merit.

The trial court in its order found that "[t]he moving party [Wong] has not met his burden and no good cause has been shown." It also stated: "[T]he motion fails as Mr. Wong appears to have received actual notice of the underlying motions: his daughter appeared at the first hearing advising that he was out of the country at the time, he filed a

21

late opposition to that motion, and his attorney, Jeffrey Tuan, specially appeared for him at one of the hearings.  Further, after the Second Amended Judgment was entered Mr. Wong unsuccessfully moved for reconsideration of the order granting the motion to add him as a judgment debtor."  As is the case with Wong's claim of error regarding diligence, we reject Wong's premise that the court denied the motion to vacate judgment based on a finding that Wong had received actual notice of respondents' motion to amend judgment.  We presume that the trial court was " 'aware of and followed the applicable law. [Citations.]' [Citations.]" (*Stowell*, *supra*, 31 Cal.4th at p. 1114.)  We also presume the correctness of the trial court's ruling, and we resolve any ambiguities in favor of affirming the order. (See *Winograd*, *supra*, 68 Cal.App.4th at p. 631.)  We conclude that the trial court did not err by purportedly basing its order denying the motion to vacate upon the finding that Wong had actual notice of respondents' motion to amend judgment.

Even were we to assume that Wong is correct that the court based its decision on Wong's having received actual notice, we find no error.  "[W]e review the [court's] ruling, not its rationale. [Citation.]" (*Creighton*, *supra*, 58 Cal.App.4th at p. 243.)  Because the record is clear that Wong made a general appearance and thus the trial court assumed jurisdiction over him, the court properly concluded that, as "moving party[, Wong] has not met his burden and no good cause has been shown" to support the motion to vacate judgment.

Based upon our de novo review of the issue, we conclude that the second amended judgment challenged by Wong was not void.  (See *Nixon Peabody LLP*, *supra*, 230 Cal.App.4th at p. 822.)  Accordingly, we "need not reach the question of whether the trial

court abused its discretion because the [order] is not void." (*Ibid.*, fn. omitted.)  The trial court did not err in denying Wong's motion to vacate judgment.[12]

### III.    DISPOSITION

The order of September 10, 2024, denying appellant's motion to vacate the second amended judgment is affirmed.  Respondents shall recover their costs on appeal.

---

[12] As an additional basis for affirming the court's order, respondents assert that Wong is judicially estopped from challenging the trial court's personal jurisdiction over him, because he voluntarily substituted himself as an individual appellant in *Kim*. Regardless of whether this argument may have merit, we need not address it because of our conclusion that the trial court assumed personal jurisdiction over Wong.  (See *Hiser v. Bell Helicopter Textron Inc.* (2003) 111 Cal.App.4th 640, 655 [appellate courts generally "decline to decide questions not necessary to the decision"].)

_____
WILSON, J.

WE CONCUR:


_____
DANNER, Acting P. J.




_____
KULKARNI, J.*




*Truong et al. v. Wong*
H052564

_____

  * Judge of the Santa Clara County Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.